Barbara **JUCKETT**, Individually and as Next Friend and Guardian of Carl Pete Juckett, Jr., Plaintiffs,

v.

**BEECHAM HOME IMPROVEMENT PRODUCTS, INC.,** Prudential Insurance Company of America, and the Employee Benefit Plan, Defendants.

Civ. A. No. 3–87–2461–H.

United States District Court,
N.D. Texas,
Dallas Division.

April 8, 1988.

David James, Hicks Gillespie James Rozen & Preston, Dallas, Tex., for plaintiffs.

Stephen F. Fink and Steven W. Sloan, Thompson & Knight, Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

SANDERS, Acting Chief Judge.

Before the Court are Defendants' Motion for Partial Summary Judgment and for Order Striking Jury Demand, filed February 9, 1988; Plaintiffs' Response, filed March 23, 1988; and Defendants' Reply, filed March 30, 1988.

The narrow issue presented to this Court for partial summary judgment is whether Plaintiffs' state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 88 Stat. 829, as amended, 29 U.S.C. § 1001 *et seq.* Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56.

### Facts

The facts material to this motion are few and undisputed. Plaintiffs seek to recover benefits under an employee benefit plan ("the Plan") established by Plaintiff Barbara Juckett's employer, DAP, for the purpose of providing medical benefits to DAP's employees and their dependents. The Plan purchased insurance from and paid premiums to Defendant Prudential Insurance Co. of America ("Prudential"). In return Prudential processed and paid claims covered by the Plan. Plaintiffs' claim under the Plan was denied by Prudential and they subsequently filed this suit to recover those benefits.

Plaintiffs bring suit under both federal and state law. The federal claims arise under ERISA. Plaintiffs also maintain that Prudential breached the duty of good faith and fair dealing between insurer and insured under Texas law. Additionally, Plaintiffs seek relief from all Defendants under Texas common law for breach of contract and under article 3.62 of the Texas Insurance Code.

Defendants contend that all of Plaintiffs' state law claims are preempted by ERISA. Plaintiffs do not contest that their state law claims for breach of contract and breach of duty of good faith and fair dealings are preempted by ERISA. However, Plaintiffs contend that their claim under article 3.62 of the Insurance Code is not preempted.

### Analysis

ERISA comprehensively regulates, among other things, employee welfare benefit plans that, "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability or death. § 3(1), 29 U.S.C. § 1002(1). Congress capped off ERISA with three provisions relating to the preemptive effect of the federal legislation:

Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.... § 514(a), as set forth in 29 U.S.C. § 1144(a) (preemption clause).

Except as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities. § 514(b)(2)(A), as set forth in 29 U.S.C. § 1144(b)(2)(A) (saving clause).

Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies. Section 514(b)(2)(B), as set

forth in 29 U.S.C. § 1144(b)(2)(B) (deemer clause).

To summarize the provisions quoted above: If a state law "relate[s] to ... employee benefit plan[s]," it is preempted. § 514(a). The saving clause excepts from the preemption clause laws that "regulat[e] insurance." § 514(b)(2)(A). The deemer clause makes clear that a state law that "purport[s] to regulate insurance" cannot deem an employee benefit plan to be an insurance company. § 514(b)(2)(B).

■ There is no dispute that Plaintiffs' article 3.62 claim relates to an employee benefit plan and therefore falls under ERISA's express preemption clause, § 514(a). However, the issue before the Court is whether article 3.62 is a law which regulates insurance and is thus saved by § 514(b)(2)(A) from preemption.[1]

Article 3.62 of the Insurance Code is titled "Penalty for Delay in Payment of Losses" and provides:

> In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss. Such attorney fee shall be taxed as a part of the costs in the case. The Court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, ac-

crued and to accrue on account of such policy.

Tex.Ins.Code Ann. art. 3.62 (Vernon 1981).

The Supreme Court in two recent cases has specified what factors a court should consider in determining whether a state law falls under the saving clause. First, a court should look to what guidance is available from a "common-sense view" of the language of the saving clause itself. *Metropolitan Life Insurance Co. v. Massachusetts,* 471 U.S. 724, 740, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). Second, a court should make use of the case law interpreting the phrase "business of insurance" under the McCarran–Ferguson Act, 15 U.S.C. § 1011 *et seq.,* in interpreting the saving clause.[2] Third, the court should consider the role of the saving clause in ERISA as a whole. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. ——, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39 (1987).

■ The Court first considers whether a common-sense view of the phrase "regulate insurance" would include a penalty provision in a state Insurance Code. To state the obvious, article 3.62, as part of the Texas Insurance Code, is specifically directed toward the insurance industry. The issue however is whether it *regulates* that industry. "Regulate" is defined as "[t]o fix, establish, or control; to adjust by rule, method, or established mode; to direct by rule or restriction; to subject to governing principles or laws." *Black's Law Dictionary* 1156 (5th ed. 1979). The Court questions whether a penalty provision in an insurance code fits within this common-sense definition of "regulate."

Second, the Court considers the case law interpreting the phrase "business of insurance" under the McCarran–Ferguson Act.

---

**1.** Plaintiffs seem to imply in their Response to this Motion that all parts of a state insurance code are saved from preemption simply because they are included within the insurance code. The Court concludes that the fact that a state law is included within that state's insurance code does not automatically save the law from preemption under ERISA. *See also Misic v. Building Service Employees Health and Welfare Trust,* 789 F.2d 1374, 1378 (9th Cir.1986) (state law claim based on California Insurance Code is preempted by ERISA); *Powell v. Chesapeake and Potomac Telephone Co.,* 780 F.2d 419, 422 n.

4, 423–24 (4th Cir.1985), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986) (state law claim based on Virginia Insurance Code is preempted by ERISA).

**2.** The McCarran–Ferguson Act provides, in relevant part: "The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business." 15 U.S.C. § 1012(a).

Three criteria have been used by courts to determine whether a practice falls under the "business of insurance" for purposes of the McCarran–Ferguson Act:

> [F]irst, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry.

Union Labor Life Ins. Co. v. Pireno, 458 U.S. 119, 129, 102 S.Ct. 3002, 3009, 73 L.Ed.2d 647 (1982) (emphasis in original).

Article 3.62 does not effect a transferring or spreading of policyholder risk. It simply provides damages and attorney fees if the insurance company fails to pay a claim for which it is liable.[3] Although article 3.62 does concern the policy relationship between the insurer and the insured, it is certainly not an integral part of that relationship. As the Supreme Court concluded when analyzing a Mississippi law which also provided damages for failure to pay a claim, a penalty provision does not define the terms of the relationship between the insurer and the insured; rather, "it declares only that, whatever terms have been agreed upon in the insurance contract, a breach of that contract may in certain circumstances allow the policyholder to obtain ... [statutory] damages." Pilot Life, 107 S.Ct. at 1555. Finally, considering the third McCarran–Ferguson Act criterion, article 3.62 is limited to entities within the insurance industry.

The most telling factor for determining whether article 3.62 is encompassed within the saving clause is the factor termed most important by the Supreme Court: the relationship between article 3.62 and the role of the saving clause in ERISA as a whole. Pilot Life, 107 S.Ct. at 1558. Under the civil enforcement provisions of ERISA, § 502(a), a plan participant or beneficiary may sue to recover benefits due under the plan, to enforce the participant's rights under the plan, or to clarify rights to future benefits. Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits. A participant or beneficiary may also bring a cause of action for breach of fiduciary duty, and under this cause of action may seek removal of the fiduciary. §§ 502(a)(2), 409. In an action under these civil enforcement provisions, the court in its discretion may allow an award of attorney fees to either party. § 502(g).

The Supreme Court has concluded that Congress intended the ERISA civil enforcement scheme to be exclusive. Pilot Life, 107 S.Ct. at 1558.

> [T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA–plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

Id. at 1556. As stated above, article 3.62 provides state law remedies of statutory damages and attorney fees if an insurance company fails to pay a claim for which it is liable. The saving clause was not intended to save state laws which conflict with the ERISA civil enforcement scheme.

### Conclusion

Article 3.62 is a penalty provision of the Texas Insurance Code providing state law

---

**3.** The Supreme Court has similarly concluded that the Mississippi common law of bad faith, which also provides for damages when an insurance carrier unreasonably refuses to pay a claim, does not have the effect of transferring or spreading a policyholder's risk. Pilot Life, 107 S.Ct. at 1554. By contrast, the Supreme Court found that a Massachusetts statute, which required insurance carriers to provide mental health coverage, did regulate the spreading of risk since "it was intended to effectuate the legislative judgment that the risk of mental-health care should be shared." Metropolitan Life, 471 U.S. at 743, 105 S.Ct. at 2391.

remedies for a breach of an insurance contract and does not regulate the substantive terms of insurance contracts. *See Metropolitan Life*, 471 U.S. at 742–43, 105 S.Ct. at 2390–91. Considering together the common-sense understanding of the saving clause, the McCarran–Ferguson Act factors defining the business of insurance, and, most importantly, congressional intent that ERISA's civil enforcement scheme be exclusive, the Court concludes that Plaintiffs' article 3.62 cause of action is not saved by § 514(b)(2)(A), and therefore is preempted by § 514(a).

There is no genuine fact issue and Defendants are entitled to partial summary judgment as a matter of law. Accordingly, Defendants' Motion for Partial Summary Judgment is GRANTED and Plaintiffs' state law claims are DISMISSED. No right to trial by jury exists in ERISA actions; therefore, Defendants' Motion to Strike Jury Demand is GRANTED and this case will proceed nonjury. *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir.1980).

SO ORDERED.