**Harold J. SHACKELTON, Plaintiff,**

v.

**CONNECTICUT GENERAL LIFE IN-SURANCE COMPANY and Cigna Companies, Defendants.**

No. 92–CV–1250.

United States District Court, N.D. New York.

April 1, 1993.

Kernan & Kernan (John E. Short, of counsel), Utica, NY, for plaintiff.

Michael R. Vaccaro, Law Offices (Matthew J. Roe, of counsel), Syracuse, NY, for defendants.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

Plaintiff commenced this action in New York State Supreme Court, Oneida County, on August 24, 1992, alleging (1) breach of contract, (2) unfair insurance claim settlement practices in violation of N.Y.Ins.L. § 2601 (McKinney 1985), and (3) deceptive business conduct in violation of N.Y.Gen. Bus.L. § 349 (McKinney 1988). Plaintiff essentially contends that defendants, his former employer and its parent company, failed to provide him with insurance coverage for home health care as required by his employee benefits plan. Defendant removed the case to this court pursuant to 28 U.S.C. § 1441 (West Supp.1992), claiming that the causes of action set forth in plaintiff's com-

plaint are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (1988 & West Supp.1992), and thus presents an action arising under federal law. Defendants now move to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff cross-moves pursuant to 28 U.S.C. § 1447 (1988) to remand the case to state court.

## I. BACKGROUND

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court is obligated to accept as true the facts alleged in plaintiff's complaint. *E.g. Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir.1991); *Cosmas v. Hassett,* 886 F.2d 8, 13 (2d Cir.1989); *accord, e.g., Carino v. Deerfield,* 750 F.Supp. 1156, 1160 (N.D.N.Y.1990), *aff'd mem.,* 940 F.2d 649 (2d Cir.1991). Even assuming that defendants have a completely different version of the facts giving rise to this suit, the court cannot consider that version at this early stage of the litigation. *See, e.g., Festa v. Local 3 Int'l Bhd. of Elec. Workers,* 905 F.2d 35, 37 (2d Cir.1990); *Capital Imaging Assocs., P.C. v. Mohawk Valley Medical Assocs.,* 725 F.Supp. 669, 676 (N.D.N.Y.1989). At any rate, defendants have not yet answered plaintiffs' complaint, opting instead to file the instant motion to dismiss. Accordingly, the court will review the issues presented in this case based upon the facts as set forth in plaintiff's complaint.

From plaintiff's perspective, the facts of this case are relatively straightforward. He was employed by co-defendant Connecticut General Life Insurance Company for forty years before retiring in 1967. Complaint ¶ 4. Connecticut General is a subsidiary of co-defendant CIGNA Companies. *Id.* ¶ 3. Through his employment, plaintiff received an employee benefits package which entitled him to various insurance benefits, including health and medical insurance, even after his retirement. *Id.* ¶¶ 5–7. According to plaintiff, the health and medical insurance plan (hereinafter the "plan") is supposed to provide him with coverage for, *inter alia,* home health care in the event that such care is deemed necessary. *Id.* ¶¶ 7, 9.

In November, 1990, plaintiff's medical condition deteriorated to the point where he needed home health care. Pursuant to the plan, defendants provided plaintiff with coverage for his home health care. Complaint ¶¶ 8–10. In January, 1991, however, defendants discontinued his coverage, thereby leaving plaintiff completely uninsured (at least with respect to his home health care). *Id.* ¶¶ 11, 14. Defendants terminated plaintiff's coverage even though plaintiff had, in his view, fully satisfied all of his obligations under the plan. *Id.* ¶ 12. Plaintiff has demanded that defendants comply with the plan by resuming his coverage for home health care, but to no avail.

## II. DISCUSSION

While the facts of this case may be relatively simple, the governing law is anything but simple. These motions implicate intricate questions concerning the scope of ERISA, the preemption doctrine, and New York insurance law.[1] At least one fact seems certain, however; the parties seemingly agree, as they should, that the benefit plan under which plaintiff seeks coverage is an "employee welfare benefit plan" as defined in ERISA § 3(1), 29 U.S.C. § 1002(1) (West Supp.1992), and used throughout that statute. *See Howard v. Gleason Corp.,* 901 F.2d 1154, 1156 (2d Cir.1990); *see also Brundage-Peterson v. Compcare Health Servs. Ins. Corp.,* 877 F.2d 509, 510–11 (7th Cir.1989); *Donovan v. Dillingham,* 688 F.2d 1367, 1372 (11th Cir.1982) (*en banc*). Accordingly, the ensuing analysis is founded upon the premise that plaintiff's plan constitutes an employee

---

**1.** The confusion is exacerbated by the poor quality of plaintiff counsel's written submissions filed in response to defendants' motion. For example, plaintiff's Memorandum of Law, which is supposed to provide some analysis to assist the court in its review of the case, consists merely of copied text of various statutes and two cases. Such a memorandum of law, containing no legal analysis, is of almost no value to the court. Moreover, counsel relegated his legal argument, as it were, to his own affidavit, in direct contravention of Local Rule 10(c) ("[a]n affidavit may not contain legal arguments").

welfare benefit plan falls within the meaning of ERISA.

## A. Motion to Dismiss

Plaintiff essentially contends that defendants' termination of his home health care constituted a breach of contract and violated two New York statutes: N.Y.Ins.L. § 2601 and N.Y.Gen.Bus.L. § 349. Section 2601 of the Insurance Law prohibits insurance providers from engaging in "unfair settlement practices" in resolving claim disputes, and General Business Law section 349 generally proscribes "deceptive acts or practices in the conduct of business." Plaintiff contends that defendant violated these statutes and breached his employment contract by discontinuing his coverage for home health care when such coverage was clearly required by the terms of the plan.

### 1. ERISA preemption

■ Defendants move to dismiss the complaint on grounds that ERISA preempts the state causes of action asserted by plaintiff and provides the exclusive remedy for any claims that plaintiff might have. ERISA carries an express preemption provision which states, in pertinent part, that the statute "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee health benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a) (emphasis added). The operative words in that provision are "relate to": only those laws that relate to an employee health benefit plan are preempted. The Supreme Court has construed the "relate to" clause as being "deliberately expansive," *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987), to reflect Congressional intent to prevent states from confusing, diluting, or undermining ERISA's comprehensive scheme. *See, e.g., id.* at 46–47 & 50, 107 S.Ct. at 1552–1553 & 1554; *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983); *Alessi v. Raybestos–Manhattan, Inc.,* 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981). Indeed, the legislative history shows that Congress included such a vast preemption clause "to displace all state laws that fall within [ERISA's] sphere, even including state laws that are consistent with ERISA's substantive requirements."[2] *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985) (citation omitted).

In keeping with that intent, the Court has broadly interpreted ERISA's preemption of state laws that "relate to" benefit plans as proscribing any state action that bears on private pensions, even those that relate only indirectly. *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139–140, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990); *Alessi,* 451 U.S. at 525, 101 S.Ct. at 1907. "The phrase 're-late to' was given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Metropolitan Life Ins. Co.,* 471 U.S. at 739, 105 S.Ct. at 2389 (quoting *Shaw,* 463 U.S. at 97, 103 S.Ct. at 2900); *accord, Dumac Forestry Servs., Inc. v. International Bhd. of Elec. Workers,* 637 F.Supp. 529, 535 (N.D.N.Y.1986) (McCurn, J.), *aff'd in part, rev'd in part on other grounds,* 814 F.2d 79 (2d Cir.1987). Significantly, the "state laws" that may be preempted by ERISA include "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." ERISA § 514(c)(1); 29 U.S.C. § 1144(c)(1); *see Ingersoll–Rand Co.,* 498 U.S. at 139–140, 111 S.Ct. at 483; *Pilot Life Ins.,* 481 U.S. at 48 n. 1, 107 S.Ct. at 1553 n. 1.

Considering the broad sweep of ERISA's preemption provision, it would appear on the surface that plaintiff cannot maintain this suit under state law. After all, in drafting ERISA Congress created enforcement remedies so comprehensive that alternative state remedies would be unnecessary—and improper. *Pilot Life Ins. Co.,* 481 U.S. at 54, 107 S.Ct. at 1556; *see Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985). In fact, numerous courts have expressly

---

**2.** One commentator describes ERISA as containing "the most expansive preemption clause found in any federal statute." Jay Conison, *Federal Common Law of ERISA Plan Attorneys,* 41 Syracuse L.Rev. 1049, 1083 (1990).

ruled that breach of contract claims that are based upon welfare benefit plans "relate to" the plans within the meaning of ERISA, and are thus preempted. *See, e.g., Reichelt v. Emhart Corp.,* 921 F.2d 425, 431–32 (2d Cir. 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2854, 115 L.Ed.2d 1022 (1991); *Gilbert v. Burlington Indus., Inc.,* 765 F.2d 320, 328 (2d Cir.1985) (citing cases), *aff'd,* 477 U.S. 901, 106 S.Ct. 3267, 91 L.Ed.2d 558 (1986).[3] Several other courts have ruled that insurance protection statutes which, regardless of their purpose, have the *effect* of regulating benefit plan administration are likewise preempted by ERISA. *See Howard,* 901 F.2d at 1157 (New York insurance notification statute); *Gilbert,* 765 F.2d at 327 (New York wage collection statute); *see also* cases cited *infra* p. 283. *But see Aetna Life Ins. Co. v. Borges,* 869 F.2d 142, 147 (2d Cir.) (Connecticut escheat law "is too tenuous, remote, and peripheral to require preemption under § 514(a)), *cert. denied,* 493 U.S. 811, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989); *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enters, Inc.,* 793 F.2d 1456, 1470 (5th Cir.1986). Thus, in the present case, in this court's view the mere fact that all three of plaintiff's state-based causes of action purport to provide him a remedy for defendants' refusal to provide home health-care coverage means that those causes of action "relate to" his benefit plan and consequently fall within the reach of ERISA preemption. *See, e.g., In re Life Ins. Co.,* 857 F.2d 1190, 1194 (8th Cir.1988); *Martori Bros. Distribs. v. James–Massengale,* 781 F.2d 1349, 1357 & n. 19 (9th Cir.), *cert. denied,* 479 U.S. 949, 107 S.Ct. 435, 93 L.Ed.2d 385 (1986).

### 2. Insurance Saving Clause

If the inquiry were to end there, then defendants would clearly be correct in asserting that plaintiff's state law claims are preempted and that plaintiff has therefore failed to state a claim upon which relief may be granted. The inquiry, however, is not so simple. The presence in ERISA of an "insurance saving clause," a major exception to § 514's general preemption provision, significantly muddles the preemption picture.

ERISA's insurance saving clause excepts from preemption any state law "which regulates insurance, banking, or securities." ERISA § 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A) (1988). This exception takes some of the bite out of the preemption clause, for it preserves causes of action based upon state laws which purport to regulate insurance, even if they also "relate to" employee benefit plans. The Supreme Court acknowledged the curious interplay between the general preemption provision and the insurance saving clause in *Metropolitan Life Ins. Co.,* observing:

> The two preemption sections, while clear enough on their faces, perhaps are not a model of legislative drafting, for while the general preemptive clause broadly preempts state law, the saving clause appears broadly to preserve the States' lawmaking power over much of the same regulation. While Congress occasionally decides to return to the States what it has previously taken away, it does not normally do both at the same time.

471 U.S. at 739–40, 105 S.Ct. at 2389 (footnote omitted).

When considered in conjunction with the preemption clause, the saving clause requires the court in this case to undertake what amounts to a two-part inquiry to determine whether this plaintiff's state law causes of action are still preempted in light of the savings clause. As a threshold matter, the court must examine whether the state law causes of action "relate to" a benefit plan. As previously discussed, since the causes of action asserted in the present case all obviously relate to plaintiff's benefit plan, specifically his entitlement to coverage for home health care thereunder, this initial inquiry is satisfied. Second, the court must determine whether plaintiff's causes of action can nonetheless withstand preemption by operation of

---

**3.** *See also, e.g., Lea v. Republic Airlines, Inc.,* 903 F.2d 624, 631–32 (9th Cir.1990); *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1292–96 (5th Cir. 1989); *Hermann Hosp. v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1290 (5th Cir.1988);

*Anderson v. John Morrell & Co.,* 830 F.2d 872, 875 (8th Cir.1987); *Salomon v. Transamerica Occidental Life Ins. Co.,* 801 F.2d 659, 661 (4th Cir.1986).

ERISA's saving clause. *See, e.g., Pilot Life Ins. Co.,* 481 U.S. at 45, 47, 107 S.Ct. at 1551, 1552; *Anschultz v. Connecticut General Life Ins. Co.,* 850 F.2d 1467, 1468 (11th Cir.1988); *Reily v. Axe–Houghton Mgmt., Inc.,* No. 87 Civ. 2817, 1988 WL 18895 *5 n. 3, 1988 U.S. Dist. LEXIS 2147 *3 n. 3 (S.D.N.Y. Feb. 17, 1988). As discussed above, a cause of action will fall within the saving clause only if it stems from a law that "regulate[s] insurance." The Supreme Court has instructed that "in order to regulate insurance, a law must not just have an impact on the insurance industry, but must be *specifically directed toward that industry." Pilot Life Ins. Co.,* 481 U.S. at 50, 107 S.Ct. at 1554 (emphasis added); *accord, Howard,* 901 F.2d at 1158. In general, laws regulating the substantive content of insurance contracts are laws that "regulate insurance" and thus are within the scope of the insurance saving clause. *Metropolitan Life Ins. Co.,* 471 U.S. at 741–42 & n. 18, 105 S.Ct. at 2389–90 & n. 18.

■ Applying the saving clause standard here, this court concludes that two of plaintiff's three causes of actions—those alleging breach of contract and violation of N.Y.Gen. Bus.L. § 349—arise from laws that clearly do not "regulate insurance" within the meaning of the saving clause. This conclusion is compelled by the fact that neither law is specifically directed toward the insurance industry. *Cf. Howard,* 901 F.2d at 1158. To be sure, claims that are completely unrelated to the insurance industry often arise under both causes of action, thereby removing those causes of action from operation of the saving clause. *See, e.g., Pilot Life Ins. Co.,* 481 U.S. at 50, 107 S.Ct. at 1554 (saving clause not applicable in breach of contract action because "[a]ny breach of contract, and not merely breach of an insurance contract, may lead to liability ..."); *Kanne v. Connecticut Gen. Life Ins. Co.,* 867 F.2d 489, 494 (9th Cir.1988), *cert. denied,* 492 U.S. 906, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989). Since

plaintiff's claims for breach of contract and unfair business practices are not based upon laws directed toward the insurance industry in particular, the saving clause is not implicated here, and thus those causes of action do not escape ERISA preemption. Defendants' motion to dismiss those two state law causes of action must therefore be granted.

■ On the other hand, plaintiff's cause of action arising under section 2601 of the New York Insurance Law does fall within the protection of ERISA's insurance saving clause because, unlike the other two causes of action, this cause of action invokes a statute that is directed toward practices of the insurance industry in particular. In fact, the statute at issue, section 2601 of the New York Insurance Law, is aimed exclusively at the insurance industry, as evidenced most clearly by its opening direction, "[n]o insurer doing business in this state shall...." N.Y.Ins.L. § 2601(a). No individual or entity other than an insurer is regulated by this statute. *See generally id.* Hence, section 2601 is clearly a statute that is directed toward the insurance industry in particular and as such falls within the protection of the insurance saving clause.

### 3. Preemption under ERISA generally

■ Unfortunately for plaintiff, the applicability of ERISA's saving clause to his Insurance Law cause of action does not end the court's analysis. Plaintiff's Insurance Law cause of action is nonetheless preempted for many of the reasons set forth in the Supreme Court's decision in *Pilot Life Ins. Co., supra,* 481 U.S. 41, 107 S.Ct. 1549. At issue in *Pilot Life Ins. Co.* was ERISA's preemption of plaintiff's suit to recover under state common law for an insurance company's refusal to pay benefits. The plaintiff in *Pilot Life Ins. Co.,* like plaintiff herein, did not assert any of the several causes of action available to him under ERISA's vast civil enforcement provision, § 502(a), 29 U.S.C. § 1132(a).[4] While

---

4. Section 502(a) provides, in pertinent part:
  A civil action may be brought—
    (1) by a participant or beneficiary—
     (A) for the relief provided for in subsection (c) of this section [concerning requests to the administrator for information], or

     (B) to recover benefits due to him under the terms of his plan, to enforce his rights under

also discussing the inapplicability of the insurance saving clause, see *Pilot Life Ins. Co.,* 481 U.S. at 50, 107 S.Ct. at 1554, the Court based much of its ruling upon more general principles of preemption analysis. Specifically, the Court was swayed by Congress's clear intent to have ERISA supplant state remedies for the wrongs relating to employee benefit plans. *Id.* at 52–54, 107 S.Ct. at 1555–1556. The Court explained:

> [T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. "The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ... provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly."
>
> The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive.

481 U.S. at 54, 107 S.Ct. at 1556 (quoting *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985) (emphasis in original)).

■ As in *Pilot Life Ins. Co.,* the relief that plaintiff seeks in his cause of action based upon the Insurance Law, *to wit* recovery of benefits due to him under the plan and enjoinder of further deprivation of benefits, is available to him under ERISA § 504(a), as

the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ...

.     .     .     .     .     .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms

well. The availability of these remedies under ERISA forecloses plaintiff from seeking that same recovery under state law. *See id.; see also Ingersoll–Rand Co.,* 498 U.S. at 144–45, 111 S.Ct. at 485–86 (when remedy is already available under ERISA, then plaintiff cannot seek that same remedy pursuant to state law). The court notes in passing that the fact that plaintiff brought his cause of action under state statutory law, as opposed to common law, is inapposite. Numerous courts have reviewed causes of action that are remarkably similar to plaintiff's, brought pursuant to state insurance law to collect unpaid benefits, and each has concluded—notwithstanding the insurance saving clause—that the causes of action are preempted by ERISA. *See, e.g., Kanne,* 867 F.2d at 493–94 (preemption of California unfair insurance practices statute); *In re Life Ins. Co.,* 857 F.2d at 1194 (Missouri vexatious refusal to pay statute); *Anschultz,* 850 F.2d at 1468–69 (preemption of Florida wrongful denial of benefits statute); *Rollo v. Maxicare of Louisiana, Inc.,* 695 F.Supp. 245, 248 (E.D.La.1988) (preemption of Louisiana "Unfair and Deceptive Trade Practices Act"); *see also Juckett v. Beecham Home Improvement Prods., Inc.,* 684 F.Supp. 448, 451 (N.D.Tex. 1988) (preemption of Texas "Penalty for Delay in Payment of Losses" statute). Since remedy for unpaid benefits in the present case is already available to plaintiff under ERISA, and Congress intended for ERISA to be a uniform, comprehensive mechanism for resolving pension disputes, plaintiff cannot recover for his lost benefits pursuant to state statutory law. *See Ingersoll–Rand Co.,* 498 U.S. at 144–45, 111 S.Ct. at 485–86; *Pilot Life Ins. Co.,* 481 U.S. at 54, 107 S.Ct. at 1556.

■ Plaintiff vigorously attempts to protect his suit from preemption by arguing that New York's "mandated-benefit laws" are not preempted by ERISA. Plaintiff's argument follows *Metropolitan Life Ins. Co. v. Massa-*

of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan....

29 U.S.C. § 1132(a).

*chusetts, supra,* in which the Supreme Court ruled that a Massachusetts mandated-benefit law, which the Court defined as a law "that require[s] an insurer to provide a certain kind of benefit to cover a specified illness or procedure," 471 U.S. at 728, 105 S.Ct. at 2383, is not preempted by ERISA. Relying upon *Metropolitan Life Ins. Co.,* plaintiff curiously argues that Insurance Law § 3221(k)(1)(A), a statute which requires insurance policies to provide home health care under certain circumstances, is such a mandated-benefit law that is not preempted by ERISA. Plaintiff's invocation of section 3221(k)(1)(A) is startling because he raised it as a possible basis for relief for the first time in response to defendant's motion to dismiss. Despite the presence in his complaint of other specific statutory bases for relief, never before had plaintiff asserted that section 3221(k)(1)(A) might also provide him grounds for relief. In other words, the affirmative listing in plaintiff's complaint of specific statutory and common law bases for relief reasonably led defendants—and the court—to believe that the listing represented *all* of the asserted bases for relief. The court is left to wonder how defendants can be expected to have anticipated plaintiff's new argument regarding section 3221(k)(1)(A) when preparing their defense, and this motion in particular.

If plaintiff had asserted § 3221(k)(1)(A) as a basis for relief in his complaint, then his argument would possibly have some merit. After all, in *Metropolitan Life Ins. Co., supra,* the Court suggested that mandated-benefit laws such as that cited by plaintiff are protected from preemption by ERISA's saving clause. *See Metropolitan Life Ins. Co.,* 471 U.S. at 758, 105 S.Ct. at 2398. Whether that logic applies to this case presents a question that is not yet before the court, however, because plaintiff has not formally relied upon section 3221(k)(1)(A) of the Insurance Law as a possible basis for recovery. As stated at the outset, plaintiff has alleged only three causes of action: alleging breach

of contract, unfair insurance claim settlement practices in violation of N.Y.Ins.L. § 2601, and deceptive business conduct in violation of N.Y.Gen.Bus.L. § 349. When plaintiff more properly asserts section 3221(k)(1)(A) as a possible basis for relief, then the defendant will surely be in a more fair position to address that cause of action.[5]

In short, although for different reasons, each of the causes of action asserted in plaintiff's complaint are preempted by ERISA. Therefore, inasmuch as plaintiff relies upon state law as a basis for relief, he has failed to state a claim upon which relief can be granted. There is a significant limitation, however, to the court's holding in this respect. In the ordinary case, such a holding would require that the complaint be dismissed outright. The court cannot ignore the Second Circuit's clear pronouncement, however, that "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991); *accord, Cushing v. Moore,* 970 F.2d 1103, 1110 (2d Cir.1992). *See also, e.g., Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir.1992) ("the complaint need not identify a legal theory, and specifying an incorrect legal theory is not fatal"). For this reason, the court affords plaintiff an opportunity to amend his complaint to avoid the ERISA preemption concerns discussed herein. Therefore, plaintiff's complaint is dismissed without prejudice, with leave granted to replead within thirty days of this decision causes of action that are not preempted by ERISA.

### B. Plaintiff's cross-motion to remand

Plaintiff argues that even if defendants are correct in their assertion that ERISA governs this suit, removal to federal court was nonetheless improper because neither ERISA nor any other federal cause of action appears on the face of his complaint as a

---

5. The court makes no intimation today as to whether plaintiff's claim under § 3221(k) would also be preempted by ERISA. Rather, the court merely directs that plaintiff may amend his complaint to assert such a claim; this ruling does not prejudice defendants' right to move once again

for dismissal pursuant to Fed.R.Civ.P. 12(b)(6). The court gratuitously notes, however, that a cause of action brought pursuant to § 3221(k) would probably withstand preemption as a mandated-benefit law. *See generally Metropolitan Life Ins. Co.,* 471 U.S. 724, 105 S.Ct. 2380.

basis for relief. In so arguing, plaintiff implicitly invokes the "well-pleaded complaint rule."

The well-pleaded complaint rule dictates that a cause of action arises under federal law only when the plaintiff's complaint raises issues of federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846–2847, 77 L.Ed.2d 420 (1983). If a federal question does not appear on the face of plaintiff's complaint, then the suit does not present a federal question sufficient to confer jurisdiction pursuant to 28 U.S.C. § 1331 (1988) upon a federal court. *See id.* (citing *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–725, 58 L.Ed. 1218 (1914)). A corollary to that rule is that federal preemption of a state law cause of action is generally an affirmative defense to a plaintiff's suit. As such, the federal preemption defense does not appear on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor ("Taylor")*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). Therefore, a preemption defense generally does not create a federal question so as to create federal jurisdiction, thus justifying removal of a suit to federal court. *Id.* (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). Plaintiff relies upon these principles to argue that defendants' removal of his complaint, which does not state a federal cause of action, was improper. Specifically, plaintiff contends that since he did not state a claim under federal law, and the only means by which a federal question has been created is through defendants' preemption defense, removal of his case was improper.

The Supreme Court has already considered—and outright rejected—this precise argument. In *Taylor*, 481 U.S. 58, 107 S.Ct. 1542, as in the present case, the plaintiff asserted causes of action based strictly upon state law, alleging that his employer improperly refused to pay him benefits as contemplated in an employee benefit plan. Arguing ERISA preemption, the defendant removed the case to federal court. The plaintiff challenged the removal on grounds that it violated the well-pleaded complaint rule, in that no federal cause of action appeared on the face of the complaint, thereby depriving the federal court of jurisdiction over the matter. *See id.* at 61–62, 107 S.Ct. at 1545–1546.

While acknowledging the initial appeal of the plaintiff's argument, the Court held that when Congress has "so completely preempt[ed] a particular area [of law] that any civil complaint raising this select group of claims is necessarily federal in character," the well-pleaded complaint rule is not implicated. *Taylor*, 481 U.S. at 63–64, 107 S.Ct. at 1546. According to the Court, ERISA's preemption provision presents one of those rare instances in which Congress has unambiguously manifested its intent to have suits to recover benefits under a plan to be regarded as suits arising under federal law. *Id.* at 66, 107 S.Ct. at 1547. Thus, as a rule, causes of action that would be preempted by the civil enforcement provisions of ERISA are so inherently federal in nature that they may be removed to federal court, *even though* no federal cause of action appears on the surface of the well-pleaded complaint. *Id.*

The Court's ruling in *Taylor* hardly needs elucidation here. For the reasons discussed throughout this decision, all three of plaintiff's state law causes of action fall victim to the broad sweep of ERISA's preemption clause. Therefore, because the causes of action asserted in plaintiff's complaint are preempted by ERISA, defendants properly removed this action to this federal court. Relying upon *Taylor*, courts having uniformly held a suit stating causes of action that fall within the preemptive scope of ERISA may be removed to federal court, despite the absence of any independent basis for federal jurisdiction on the surface of the complaint. *See, e.g., Felton v. Unisource Corp.*, 940 F.2d 503, 507 (9th Cir.1991); *Anderson*, 830 F.2d at 875. In light of this precedent, there is clearly no merit to plaintiff's cross-motion to remand and it therefore must be denied.

## III. CONCLUSION

Defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) is granted, but with leave to plaintiff to file an amended complaint in accordance with the

terms of this decision. Plaintiff's cross-motion to remand this suit to state court pursuant to 28 U.S.C. § 1447 is denied.

IT IS SO ORDERED.