Carol P. MARCELLA, Plaintiff,

v.

CAPITAL DISTRICT PHYSICIANS HEALTH PLAN, INC., Defendant.

No. 97–CV–596 LEK/DNH.

United States District Court, N.D. New York.

April 7, 1999.

Office of Nicholas D. Morsillo, Schenectady, NY (Nicholas D. Morsillo, of counsel), for plaintiff.

Iseman, Cunningham, Riester & Hyde, Albany, NY (Brian M. Culnan, of counsel), for defendant.

### DECISION AND ORDER

KAHN, District Judge.

Plaintiff commenced this action in New York State Supreme Court, alleging claims for breach of contract, intentional infliction of emotion distress and prima facie tort.

On April 24, 1997, Defendant Capital District Physicians' Health Plan, Inc. ("CDPHP") removed the action pursuant to 28 U.S.C. § 1441 on the grounds of preemption by Section 514(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144(a) (1994). On August 26, 1997, Magistrate Judge David N. Hurd denied Plaintiff's motion to remand the action without prejudice to renew upon submission of additional relevant evidence. On renewal, Magistrate Judge Hurd again denied the motion on the grounds that Plaintiff's claims were preempted by ERISA.

Presently before the Court is a motion for summary judgment by Defendant. The Defendant argues again that all of Plaintiff's claims are preempted by ERISA and must therefore be dismissed. Defendant further argues that preemption is established as the law of the case and thus that the claims should be dismissed without further legal analysis. Plaintiff argues that the claims fall under a statutory exception to ERISA preemption for claims based on laws that regulate the insurance industry. After consideration, the Court find that the claims are preempted and that the asserted exception is not applicable. Accordingly, summary judgment is granted to the Defendant.

### I. Background

During the relevant period, Plaintiff was employed by Prudential Manor Homes, Inc. ("Prudential"), a member of the Latham Area Chamber of Commerce ("the Chamber"). The Chamber had previously entered into an agreement ("the Chamber Plan") with the Defendant, a Health Maintenance Organization ("HMO"), whereby members of the Chamber and their employees could receive health care benefits provided by the Defendant at a reduced rate under a particular health plan referred to as an Emerald 15 Plan.

Pursuant to her employment, Plaintiff enrolled in the Chamber Plan on June 14,

1994 by application through the Chamber. On or about March 25, 1996, Plaintiff had surgery performed at Brigham & Women's Hospital ("BWH") in Boston, Massachusetts. She thereafter requested that the Defendant pay for the surgery. Defendant refused to do so, asserting that Plaintiff was not entitled to reimbursement for surgery performed by non-participating physicians, i.e. not associated with the HMO, because she had not first obtained the permission which Defendant asserted was required by the terms of the Emerald 15 Plan.

Seeking to have the decision reversed, Plaintiff first exhausted administrative appeals, and then filed a grievance with the New York State Department of Health ("DOH"). On January 27, 1997, the DOH concluded that it was "in agreement with CDPHP's decision." Wilkes Aff., Dkt. 12, Ex. J.

## II. Discussion

### A. Standard of Review

Under Rule 56(c), summary judgment:

shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Federal Deposit Ins. Corp. v. Giammettei*, 34 F.3d 51, 54 (2d Cir.1994). The substantive law determines which facts are material to the outcome of a particular litigation. *See Anderson*, 477 U.S. at 250, 106 S.Ct. 2505.

In determining whether summary judgment is appropriate, a court must resolve all ambiguities, and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)); *Hurwitz v. Sher*, 982 F.2d 778, 780 (2d Cir. 1992), *cert. denied*, 508 U.S. 912, 113 S.Ct. 2345, 124 L.Ed.2d 255 (1993).

If the moving party meets its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. Only when it is apparent, however, that no rational finder of fact "could find in favor of the non-moving party because the evidence to support its case is so slight" should summary judgment be granted. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223 (2d Cir.1994).

### B. Law of the Case

Defendant first argues that Plaintiff's state law claims have been previously found by the Magistrate Judge to be preempted by federal law and that this finding is the law of the case. Defendant further asserts that, if the issue is considered de novo, this Court should reach the same conclusion, and accordingly dismiss the action.

In his January 28, 1998 Order denying Plaintiff's second motion to remand the case back to state court, Magistrate Judge Hurd found that "[t]his action is based upon the defendant's alleged failure to approve treatment for the plaintiff as a participant in the Chamber Plan and is preempted under ERISA." Order, 97–CV–596, at 4 (Jan. 28, 1998). Defendant argues that the preemption of Plaintiff's claims are established as the law of the

case and the action must therefore be dismissed.

■ Although the applicability of ERISA preemption as a jurisdictional matter is established as the law of the case, the Magistrate Judge's Order does not make it explicit that each of Plaintiff's state law claims are preempted. Further, it is noted that Plaintiff raises arguments here that were not addressed by the Magistrate Judge. Therefore, the Court finds it prudent to restrict the law of the case to the Magistrate Judge's determination that the Chamber Plan is a qualified ERISA employee benefit plan as defined in ERISA § 3(1), 29 U.S.C. § 1002(1) (West Supp.1998), and that Plaintiff was a participating employee. Whether each of Plaintiff's state law claims is preempted will be considered de novo.

## C. ERISA Preemption

■ ERISA includes a broad preemption provision which states, *inter alia,* that the statute "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee health benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a) (1994). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Under this standard, state law claims which arise directly out of an allegedly wrongful administration of benefits are routinely preempted. *See Valentine v. Carlisle Leasing Int'l Co.,* No 97–CV–1407, 1998 WL 690877, *5 (N.D.N.Y. Sept.30, 1998) ("Where a state law claim would determine whether any benefits are paid pursuant to an employee benefits plan or would directly affect the administration of benefits under the plan, ERISA preempts those claims."); *Aetna Life Ins. Co. v. Borges,* 869 F.2d 142, 146–47 (2d Cir.1989) ("What triggers ERISA preemption is not just any indirect effect on administrative procedures but rather an effect on the primary administrative functions of benefit plans, such as determining an employee's eligibility for a benefit and the amount of that benefit.") Preemption applies to claims for enforcement of benefits whether under a breach of contract theory or a tort theory. *See Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (holding tortious breach of contract claims, breach of fiduciary duty and fraud in the inducement claims arising out of administration of benefits preempted); *Nealy v. U.S. Healthcare HMO,* 844 F.Supp. 966, 974 (S.D.N.Y.1994) (holding that claim of negligence in the administration of benefits was preempted). Claims that do not seek the actual benefit but rather seek relief for damages resulting from a denial of benefits are similarly preempted. *See Powell v. Chesapeake and Potomac Telephone Co.,* 780 F.2d 419, 421 (4th Cir.1985) (stating that "state laws, insofar as they are invoked by beneficiaries claiming relief for injuries arising out of the administration of employee benefit plans, 'relate to' such plans and absent an applicable exemption, are preempted by ERISA" and holding that claim for intentional infliction of emotion distress was preempted); *see also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 61, 66–67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (finding, *inter alia,* that claim for emotional distress arising out of breach of plan agreement was preempted); *Reilly v. Blue Cross & Blue Shield United of Wis.,* 846 F.2d 416, 425 (7th Cir.1988) (holding that intentional infliction of emotional distress claim arising out of allegedly wrongful denial of claim was preempted).

■ All of Plaintiff's claims arise out of the administration of benefits and seek relief for the allegedly wrongful denial of such benefits. *See* Notice of Removal Ex. A at ¶ 37–39 (noting alleged violation of terms of the health care plan in breach of contract claim); ¶ 49 (noting Defendant's "wrongful[ ] and illegal[ ]" refusal to approve health care services and alleging that "plaintiff is entitled to be reimbursed

. . . ." as basis for second cause of action); ¶ 56–57 (alleging refusal "to approve or authorize the rendition of health care services" as basis for claim of intentional infliction of emotion distress); ¶ 64 (alleging that prior allegations also constitute prima facie tort). Thus, both the contract and tort claims are subject to ERISA preemption. *See also Kolasinski v. Cigna Healthplan of CT, Inc.*, 163 F.3d 148, 149 (2d Cir.1998) (holding that state law claims against health plan provider based on allegation that provider failed to compensate employee for medical treatment were preempted where health plan was part of employee benefit plan).

■ Plaintiff argues, however, that the claims fall under the exception provided by ERISA's "saving clause." This provision excludes from preemption any state law "which regulates insurance, banking, or securities." ERISA, § 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A) (1994). Plaintiff asserts that the Defendant is an insurance provider and subject to New York's Insurance Law, and that Plaintiff's claims in this action are based on N.Y.Insur.Law § 3221(k) (McKinney 1999). Section 3221(k)(4)(A) states that every group policy "which provides coverage for inpatient care shall include coverage for services to treat an emergency condition provided in hospital facilities. . . ." *Id.*, § 3221(k)(4)(A). Plaintiff asserts that the Defendant violated this obligation imposed on insurers by not reimbursing her for what she alleges was an emergency procedure. Because the emergency care obligation is imposed by an insurance statute, Plaintiff argues, a claim arising out of a violation of that obligation is subject to the saving clause.

■ Causes of action based on state laws which "purport to regulate insurance" are not preempted "even if they also 'relate to' employee benefit plans." *Shackelton v. Conn. General Life Ins. Co.*, 817 F.Supp. 277, 281 (N.D.N.Y.1993). However, as this Court noted in *Shackelton*, "[t]he Supreme Court has instructed that 'in order to regulate insurance, a law must not just have an impact on the insurance industry, but must be specifically directed toward that industry.'" *Id.* at 282 (quoting *Pilot Life Ins. Co.*, 481 U.S. at 50, 107 S.Ct. 1549). This Court previously found that claims for breach of contract and unfair business practices were not subject to the saving clause, even where those claims were brought against the insurance industry, because "claims that are completely unrelated to the insurance industry often arise under both causes of action, thereby removing those causes of action from operation of the saving clause." *Id.* at 282. *See also Pilot Life Ins. Co.*, 481 U.S. at 50, 107 S.Ct. 1549 (saving clause inapplicable to breach of contract claim because "[a]ny breach of contract, and not merely breach of an insurance contract, may lead to liability. . . .").

Plaintiff's argument that her action is based on a law regulating insurance must therefore be rejected. Although she points to a provision of a statute regulating insurance as the basis of her action, her actual claims, as noted, are the sort of general common law claims which do not implicate the saving clause.

Plaintiff cites *Metropolitan Life Ins. Co. v. Commonwealth of Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985) and *American Progressive Life and Health Insurance Co. of New York v. Corcoran*, 715 F.2d 784 (2d Cir.1983) to support her argument that her common law claims fall under the saving clause. However, neither of these cases involved general common law claims. Rather, both cases involved declaratory judgment actions brought to enforce a statutory provision directed specifically at the insurance industry. For example, in *Metropolitan Life Insurance Co.*, Plaintiff sought a declaration enforcing a statute which required specified minimum benefits to be provided to a resident under certain insurance policies. *Id.* at 734, 105 S.Ct. 2380. While the declaratory form of the relief sought was in some sense a general action, the substantive right, being the insurance provi-

sion, was focused on the insurance industry. In contrast, the substantive right here is, in the first instance, the rights embodied by the common law of contracts and torts, rights which may in a particular case involve insurance but are clearly not focused on or limited to this area. Thus, *Pilot Life Ins. Co.*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), which addressed the effect of the saving clause on such common law claims, found that the clause did not apply. This Court concludes that Plaintiff's common law breach of contract and tort claims do not fall under the saving clause and are therefore preempted.[1] Accordingly, it is hereby

ORDERED that Defendant's motion for summary judgment is GRANTED, and the action is dismissed in its entirety; and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.

---

[1] Because the saving clause is inapplicable, this Court need not decide whether the ERISA plan at issue here (the Chamber Plan) is exempt from the effect of the saving clause pursuant to the "deemer" clause, which provides that an employee welfare benefit plan may not "be deemed to be an insurance company or other insurer." 29 U.S.C. § 1144(b)(2)(B). This clause has been interpreted to exempt self-funded ERISA plans, as opposed to those funded by an external insurance company, from the reach of the saving clause. *See FMC Corp. v. Holliday*, 498 U.S. 52, 61–62, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990). Thus, "[i]f a state law regulates insurance, it is generally saved from preemption, but this 'saving' cannot apply to a self-insured plan." *Travelers Ins. Co. v. Pataki*, 63 F.3d 89, 93 (2d Cir.1995). Although not reaching this issue, the Court does note that, notwithstanding Defendant's assertion that it is an HMO, not an insurance company, and thus not subject to New York's insurance company as a matter of *state* law, the New York courts have held that, at least under certain circumstances, an HMO may be subject to provisions of the Insurance Law. *See U.S. Healthcare, Inc. v. Curiale*, 162 Misc.2d 833, 615 N.Y.S.2d 239, 241 (N.Y.Sup.Ct. 1994).