MARION MOODY, Respondent, v CONTINENTAL CASUALTY COMPANY, Appellant.

Fourth Department, June 6, 1975

*Conboy, McKay, Bachman & Kendall (George K. Myrus* of counsel), for appellant.

*Giles, Maloney, Marsh, Clary & Swartz (Michael W. Schell* of counsel), for respondent.

WITMER, J. Continental Casualty Company, defendant, appeals from an order and judgment of Supreme Court, Special

Term, Jefferson County, granting plaintiff's motion for summary judgment for interest demanded in the complaint on the principal sum of $100,000 paid by defendant to plaintiff under a group accidental death insurance policy.

Plaintiff's husband was among a group of employees covered by the insurance policy. He was involved in an automobile accident which resulted in his death on June 1, 1971. On July 19, 1971 plaintiff filed proof of death and loss with the defendant. The insurance policy provided that, "Indemnities payable under the policy will be paid immediately upon receipt of due written proof of loss". It also provided that, "No action * * * shall be brought to recover on the policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of the policy".

Because of decedent's background and the circumstances of the accident, defendant delayed payment under the policy pending its thorough investigation of the death. On June 21, 1972, 11 months after the proof of loss had been furnished to it, defendant admitted liability under the policy and apparently orally so advised plaintiff's counsel the next day. On June 26, 1972 defendant wrote a letter to plaintiff's counsel confirming the telephone conversation of June 22, and stated that during that conversation plaintiff's counsel "advised me that you were going to request the New York Tax Waiver and forward this to me, as soon as possible.

"I further relayed to you that we do have in file, Mrs. Moody's request that the principal sum be left on deposit with the company and that interest be paid on a monthly basis. I advised you that this interest would begin effective June 21, 1972.

"After discussing this with the widow [plaintiff], you advised that you would notify me of her decision, as regards this plan."

Although the record does not disclose what transpired in the next three months, on the argument of this appeal we were told that counsel disagreed over defendant's statement that interest would run from June 21, 1972, plaintiff demanding that interest be paid from July 19, 1971 when the proof of loss was furnished to defendant.

On September 28, 1972 plaintiff mailed a New York State tax waiver to defendant which defendant received on October 3, and on October 6 defendant tendered to plaintiff its draft for $100,000 in payment of its obligation under the policy.

Plaintiff refused to accept it on these terms and returned it. A few weeks later plaintiff accepted the draft upon written stipulation that it was without prejudice to her right to sue to require defendant to pay appropriate interest.

Plaintiff then instituted this action to collect interest on the principal amount of defendant's admitted liability to her under the policy. In her bill of particulars plaintiff alleged that interest was due to her under section 166-b of the Insurance Law and CPLR 5001. Defendant answered (1) that no interest was payable under the policy, (2) that it delayed admitting liability under the policy because of the circumstances surrounding the decedent and his death, that the 11 months which it took to investigate was reasonable and so no interest was due to plaintiff, and (3) that plaintiff did not furnish to it a New York State tax waiver until October 3, 1972, that it paid the principal sum due promptly thereafter and so no interest was due to plaintiff.

We agree with defendant, as did Special Term, that plaintiff is not entitled to interest under section 166-b of the Insurance Law, because that statute relates to life insurance policies and the policy in question is a group accident insurance policy. Nonetheless, we hold that plaintiff became entitled to interest on the principal sum upon her furnishing to defendant due written proof of loss on July 19, 1971 as provided in the policy. As a matter of common law when a debt exists with no date specified for its payment, interest begins to run thereon from the date of demand for payment *(Prager v New Jersey Fid. & Plate Glass Ins. Co.,* 245 NY 1). In the case at bar the contract (policy) expressly provided for the time when payment would be due, namely, when plaintiff furnished to the company due written proof of loss.

By its terms the policy insulated defendant from suit during a period of 60 days after the proof of loss was furnished, but the policy does not provide that no interest is payable during that period, in which, presumably, the company could investigate the claim without incurring danger of litigation and consequent expenses. A fortiori, any additional time which defendant may take to investigate to ascertain its liability under the policy could not defer the running of interest. The language of Chief Judge CARDOZO in *Prager (supra,* pp. 5–6), a case involving an unliquidated debt, is appropriate: "While the dispute as to value was going on, the defendant had the benefit of the money, and the plaintiff was without it. Interest

must be added if we are to make the plaintiff whole [citation omitted]. * * * If it chose to keep the money, it should pay for what it kept. There would be obvious injustice if interest were to be lost as the result of a slight discrepancy between the claim and the award. [Or, applying it to our case, as a result of defendant's investigation as to its liability.] * * * Interest is * * * an incident to 'just compensation' where property has been taken in the exercise of the power of the government [citations omitted]. It is no less such an incident where liabil-. ity has its origin in the obligation of a contract. * * * Interest must be added from the date of the demand."

The above quotations reflect the general common law with respect to interest, which law has to some extent been codified in CPLR 5001; and Special Term properly relied thereon. Thus, plaintiff is entitled to judgment for interest on the principal amount from July 19, 1971 unless on this motion by plaintiff for summary judgment defendant has raised a valid defense as a matter of law or has presented a question of fact for trial.

As appears from the above discussion, defendant's defenses that no interest is payable under the policy and that it had the right to take 11 months to investigate the question of its liability without payment of interest, have no merit. Relying on the statement in its letter of June 26, 1972 to plaintiff's counsel that plaintiff would furnish a New York State tax waiver, defendant further contends that at any rate it is not liable to pay interest after June 22, 1972 because plaintiff did not furnish the tax waiver until October 3, and that then defendant paid the principal sum promptly. This contention must also fail. In the first place, the letter expressly stated that interest would be paid on the principal sum from June 21, 1972. Furthermore, defendant's letter did not shift the burden to plaintiff to furnish such tax waiver to defendant. There is nothing in the policy that conditions defendant's obligation to pay upon plaintiff furnishing such waiver. Indeed, to the contrary, the policy provides that the defendant will pay immediately upon receiving "due written proof of loss". Moreover, under paragraph (j) of subdivision 1 of section 162 of the Insurance Law, if defendant required such waiver as a condition of payment, it had the duty to supply the form therefor to plaintiff within 15 days, and this it did not do. It should be added that if defendant wished to protect itself against possible liability to the State for plaintiff's tax, which

it asserts it might have sustained had it paid the principal sum to plaintiff without first receiving the waiver from the State Tax Commission, it could have paid the money into court. Instead, it retained the use of the money and withheld it from plaintiff. It would be unjust to permit defendant to do this without payment of interest to plaintiff *(Prager v New Jersey Fid. & Plate Glass Ins. Co.,* 245 NY 1, *supra).*

In the letter of June 26, 1972 defendant also adverted to an alleged request from plaintiff that defendant retain the principal of the policy and pay her periodic interest or annuity payments thereon. When such request was made is not stated, and defendant did not raise the point of this request at Special Term. At any rate, it can have no bearing on the issue before us. If the request were made in July, 1971, when plaintiff may reasonably have assumed that defendant would promptly acknowledge its obligation under the policy, defendant could not prejudice plaintiff's right to interest by delaying its admission of liability. When the letter was written, defendant stipulated that interest would run from June 21, 1972. Hence, if there were any indecision as to the manner of payment, plaintiff cannot be prejudiced thereby nor can defendant profit by it.

Thus, defendant has failed to set forth facts which would defeat the motion for summary judgment (see *Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56, 63).

The order and judgment should, therefore, be affirmed.

MARSH, P. J., CARDAMONE and DEL VECCHIO, JJ., concur.

Judgment unanimously affirmed with costs.