FRANKLIN H. WILLIAMS INSURANCE TRUST, et al., Plaintiffs,

v.

The TRAVELERS INSURANCE CO., Defendants.

No. 93 Civ. 4061(LLS).

United States District Court, S.D. New York.

March 25, 1994.

Tanner, Propp & Farber, New York City, for plaintiffs (Sharman Propp, of counsel).

Townley & Updike, New York City, for defendant (Richard R. Lutz, of counsel).

## OPINION AND ORDER

STANTON, District Judge.

Plaintiff Franklin H. Williams Insurance Trust ("Williams") sued defendant Travelers Insurance Co. ("Travelers") in the Supreme Court of the State of New York, New York County, seeking compensatory and punitive damages for violations of New York Insurance Law § 3214, breach of contract, and conversion. The crux of Williams' complaint is that Travelers paid interest on life insurance proceeds only from the date it received proof of an insured's death, rather than from the actual date of the insured's death. Invoking the Employee Retirement Income Se-

curity Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., Travelers removed the action to this court.

Williams now moves to remand the case to state court and, in the alternative, for partial summary judgment. Travelers moves to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(6), and, "[i]n the event that the court elects to treat this as a motion for summary judgment defendant seeks the same relief under Federal Rule 56." (Def.'s Mem. at 1).

■ Since both parties were aware that Travelers' motion might be treated as a motion for summary judgment, and both parties have submitted materials outside of the pleadings for the court's consideration, Travelers' motion to dismiss will be treated as a motion for summary judgment under Fed. R.Civ.P. 56. See Fed.R.Civ.P. 12(b); Kennedy v. Empire Blue Cross and Blue Shield, 989 F.2d 588, 592 (2d Cir.1993).

### Legal Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Summary judgment is appropriate when, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the nonmoving party." Lund's Inc. v. Chemical Bank, 870 F.2d 840, 844 (2d Cir.1989). If a motion for summary judgment is properly supported, "the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (footnote omitted) (quoting Fed.R.Civ.P. 56(e)).

### Allegations

The complaint alleges that when Mr. Williams (the insured) died, he was covered by a group term life insurance policy with Travelers, of which Williams is a beneficiary. (Compl. ¶¶ 4–5.) That policy was maintained

by Chemical Bank, of which he had been a retired director. (Compl. ¶ 4.)

Williams, which sues on behalf of itself and all other similarly situated beneficiaries, claims that as a matter of policy and practice Travelers paid interest only from the date of receipt of proof of death, in violation of § 3214 of the New York Insurance Law which requires that the interest be paid from the date of the insured's death.

### Removal

■ "A claim styled as a state common law cause of action is removable under ERISA if it 'relates to' an employee benefit plan within the meaning of section 514(a), 29 U.S.C. § 1144(a), and falls within the scope of the statute's civil enforcement provisions, found in section 502(a), 29 U.S.C. § 1132(a)." *Smith v. Dunham–Bush, Inc.*, 959 F.2d 6, 8 (2d Cir.1992) (citations omitted).

ERISA defines an "employee welfare benefit plan" as

any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment ...

29 U.S.C. § 1002(1). The Travelers policy, according to the complaint, was maintained by Chemical to provide Mr. Williams' beneficiary a benefit in the event of his death.

Williams' common law causes of action for breach of contract and conversion, grounded on the alleged violation of New York Insurance Law § 3214, contend that his life insurance benefit was improperly underpaid. Such claims "relate to" an employee benefit plan. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987) (phrase "relate to" has broad, common-sense meaning, in the normal sense that it " 'has a connection with or reference to such a plan' "); *Smith* 959 F.2d at 10 (suit that attempts to supplement plan's express provisions and obtain additional ben-

efits "relates not merely to his benefits, but to the essence of the plan itself").

■ Similarly, plaintiff's first cause of action relates to an employee benefit plan. It alleges directly that Travelers' policy on interest payments violates New York Insurance Law § 3214(c), which states in pertinent part:

If no action has been commenced, interest upon the principal sum paid to the beneficiary or policyholder shall be computed daily ... from the date of the death of an insured ... and shall be added to and be a part of the total sum paid.

Plaintiff argues that the action seeks not benefits under an ERISA plan, but rather interest on plan benefits. However, the plan benefits consist of principal plus accrued interest. Williams alleges that Travelers paid insufficient interest on the principal, and this action demands the unpaid portion of the benefits. As such, the claims fall within the enforcement provisions of ERISA as an action "by a participant or beneficiary ... to recover benefits due to him under the terms of his plan" or "to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a).

It is of no moment that Williams' well-pleaded complaint asserts only state causes of action, and no "federal question" claim. In this unusual area of the law, ERISA has so fully occupied the field that suits which relate to employee benefit plans and seek relief within the scope of ERISA's enforcement provisions are regarded as raising federal questions, and are subject to removal. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64–67, 107 S.Ct. 1542, 1546–48, 95 L.Ed.2d 55 (1987); *Smith* 959 F.2d at 10 ("The civil enforcement provisions of ERISA operate to recharacterize state law claims for benefits as actions arising under federal law"). Accordingly, removal of this action is proper under 28 U.S.C. § 1441.

### ERISA and the New York Insurance Law

Whether ERISA's occupation of the field is so complete that it forecloses the operation of New York Insurance Law § 3214 is determined by examining ERISA's "saving clause", 29 U.S.C. § 1144(b)(2)(A). That clause provides, with an irrelevant exception,

that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities."

 The first step in applying the saving clause is to "consider the 'common-sense view' of the term 'regulates insurance'", *Howard v. Gleason Corp.*, 901 F.2d 1154, 1158 (2d Cir.1990), which in turn "suggests that 'in order to regulate insurance, a law must not just have an impact on the insurance industry, but must be *specifically* directed toward that industry.'" *Id.* (emphasis in original) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 50, 107 S.Ct. 1549, 1554, 95 L.Ed.2d 39 (1987)); *see Travelers Ins. Co. v. Cuomo*, 14 F.3d 708, 721 (2d Cir.1993, *as amended* Jan. 14, 1994), *petition for cert. filed*, 62 U.S.L.W. 3625 (U.S. Mar. 9, 1994) (Nos. 93–1408, 93–1414, 93–1415). Under this common-sense analysis, § 3214 regulates insurance. It specifies the dates from which interest on life insurance proceeds is to be calculated, and is thus particularly directed toward the insurance industry.

The next step of the analysis is to consider whether the law satisfies the three criteria developed for determining whether a practice constitutes "the business of insurance" within the meaning of the McCarran–Ferguson Act. Those criteria are: " 'First, whether the practice has the effect of transferring or spreading a policyholder's risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice is limited to entities within the insurance industry.' "

*Travelers Ins. Co.*, 14 F.3d at 721 (citations omitted). These criteria bolster the conclusion that ERISA's saving clause encompasses § 3214. Because § 3214 mandates payment of interest from the date of an insured's death, it increases the cost, and therefore the risk, of the policy to the insurer. Because § 3214 regulates the method for computation of interest on the principal to be paid a beneficiary, it affects the total amount paid to the beneficiary, which is "an integral part of the policy relationship between the insurer and the insured." Because it directly regulates life insurance contracts, rather than

expressing a general rule of law, it is "limited to entities within the insurance industry."

Thus, by the terms of its own saving clause, ERISA leaves in operation the New York Insurance Law's provision for the dates from which interest shall run.

### Enforcement

 A plan beneficiary's claim relating to her employee benefit plan, although based on a valid state statute, may be preempted by ERISA's civil enforcement provisions. *Metropolitan Life*, 481 U.S. at 64–67, 107 S.Ct. at 1546–48. As stated in *Pilot Life*, 481 U.S. at 51–57, 107 S.Ct. at 1555–58, Congress intended ERISA's enforcement provisions to be "the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits, and that varying state causes of action for claims within the scope of § 502(a) would pose an obstacle to the purposes and objectives of Congress." As the Supreme Court concluded, 481 U.S. at 54, 107 S.Ct. at 1556:

[T]he detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

Williams' claim is an action for benefits under an ERISA plan, which falls within the ambit of ERISA's civil enforcement provisions. *See Pilot Life Ins. Co.*, 481 U.S. at 51–57, 107 S.Ct. at 1555–58; *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 142, 111 S.Ct. 478, 485, 112 L.Ed.2d 474 (1990) ("Congress intended § 502(a) to be the exclusive remedy for rights guaranteed by ERISA"); *Shackelton v. Connecticut Gen. Life Ins. Co.*, 817 F.Supp. 277, 282–83 (N.D.N.Y.1993) (plaintiff's cause of action under New York Insurance Law § 2601 preempted because the availability of ERISA remedies "fore-

closes plaintiff from seeking that same recovery under state law"); *Miller v. Nat'l Brokerage Servs., Inc.*, 782 F.Supp. 1440, 1444 (D.Nev.1991) ("Even if the statute underlying plaintiff's argument is a law regulating insurance within § 1144(b)(2)(A), the private right of action for violation of [Nev.Rev.Stat.] 686A.310 is still preempted by ERISA"). Accordingly, Williams' state causes of action have been preempted by ERISA, and Williams' sole remedy to recover plan benefits lies under ERISA's enforcement provisions.

Exhaustion of Administrative Remedies

The Court of Appeals "has recognized 'the firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases.'" *Kennedy*, 989 F.2d at 594 (2d Cir.1993) (quoting *Alfarone v. Bernie Wolff Constr. Corp.*, 788 F.2d 76, 79 (2d Cir.), *cert. denied*, 479 U.S. 915, 107 S.Ct. 316, 93 L.Ed.2d 289 (1986)). "[E]xhaustion in the context of ERISA requires only those administrative appeals provided for in the relevant plan or policy." *Kennedy*, 989 F.2d at 594. The plan at issue in this case contained an appeal process for review of denied claims, including the following provisions:

> Your beneficiary will be notified in writing by The Travelers if a claim or any part of a claim is denied.
>
> • If your beneficiary is not satisfied with the explanation of why the claim was denied he or she may ask to have the claim reviewed.
>
> \* \* \* \* \* \*
>
> Your beneficiary may submit issues and comments in writing.
>
> • A decision will be made within 60 days after receipt of request for review or the date all information required is given.
>
> The Travelers will notify your beneficiary in writing about the decision on the review.

(Propp Aff. Ex. A at 6).

It appears from the affidavit of one of the attorneys principally responsible for overseeing administration of Mr. Williams' estate that when Williams received a check with only $47.95 in interest, seven months after Mr. Williams' death, he inquired of Travelers and was told that its policy to pay interest only from the date of receipt of claim rested on a court decision, *Moody v. Continental Casualty Co.*, 48 A.D.2d 184, 368 N.Y.S.2d 918 (N.Y.App.Div.4th Dep't 1975). The following summer, a summer associate in his office spoke to Travelers and received substantially the same explanation. A year and a half later, in March 1993, a legal assistant was told by Travelers that its policy had been changed almost a year before, and that it was once again (as it had earlier) paying interest from date of death (Lapidus Aff. ¶¶ 5–13). This action was started about two months thereafter.

Williams argues that its claim was not "denied" in writing so as to trigger an obligation to seek review before filing suit; and that even if it was required to seek review, its obligation to do so was satisfied by its telephone calls. Neither argument prevails.

Williams knew from the check that the amount of interest it received was too small. It made no claim for the difference, and no written protest. It simply inquired as to the reason, and then started its lawsuit.

That is insufficient pursuit of Williams' administrative remedies. The Court of Appeals for the Second Circuit, quoting *Denton v. First National Bank of Waco*, 765 F.2d 1295 (5th Cir.1985), and *Amato v. Bernard*, 618 F.2d 559 (9th Cir.1980), has set out the following purposes of the exhaustion requirement: (1) to effect Congress' desire that ERISA trustees, rather than federal courts, be responsible for their actions; (2) to "provide a sufficiently clear record of administrative action" in the event of litigation; (3) to "assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard"; (4) "to reduce the number of frivolous lawsuits under ERISA"; (5) to "promote the consistent treatment of claims for benefits"; (6) "to provide a nonadversarial method of claims settlement"; and (7) "to minimize the costs of claim settlement for all concerned." *Kennedy*, 989 F.2d at 594. These purposes are defeated by institution of litigation after no more than telephone inquiries, as is evidenced by Travelers averment that "If plaintiff now submits a claim pursuant to that

[claim and denial] procedure Travelers will certainly give it fair consideration." (Vargo Aff. ¶ 4.)

Since Williams has not exhausted its administrative remedies, summary judgment for Travelers is appropriate.

### Conclusion

This action was properly removed to this court. Williams' motion to remand is denied. There is no genuine issue of material fact requiring trial, and Travelers is entitled to judgment as a matter of law.

The Clerk will enter judgment dismissing the complaint without prejudice, with costs and disbursements to defendant according to law.