**Douglas James GOULD, Plaintiff,**

v.

**Raul RUSSI, Chairman, New York State Division of Parole; and Robert Stone, Commissioner, Onondaga County Department of Social Services, Defendants.**

No. 93–CV–63.

United States District Court,
N.D. New York.

Sept. 2, 1993.

Douglas James Gould, pro se.

Robert Abrams, Atty. Gen. (John R. Voninski, Asst. Atty. Gen., of counsel), Onondaga County Atty. (Lawrence R. Williams, of counsel), Syracuse, NY, for defendant Raul Russi.

## MEMORANDUM–DECISION AND ORDER

McCURN, Senior District Judge.

### *INTRODUCTION*

Plaintiff *pro se* filed this suit pursuant to 42 U.S.C. § 1983 on January 12, 1993, alleging that defendants violated his right to due process under the Fourteenth Amendment. Plaintiff alleges, *inter alia*, that defendants used the details of his prior sealed arrest record, without him granting them the necessary permission to do so, in violation of N.Y.Crim. Proc. Law § 160.50. Plaintiff invokes this court's jurisdiction over his claims pursuant to 28 U.S.C. § 1331 (West 1988) (federal question). Presently before the court is defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated below, the court grants defendants' motion to dismiss but does so without prejudice to plaintiff to amend his complaint.

### BACKGROUND

Plaintiff Gould is a *pro se* litigant and, because of his legal inexperience, his complaint is understandably neither as clear nor as concise as one would expect from an attorney practicing in this court. In fact, his complaint is very lengthy and often times incoherent. Given plaintiff's *pro se* status,

however, the court invested considerable time and effort analyzing his complaint in an attempt to discern the facts underlying his claims. The following recitation of facts is the result of these efforts.

It appears from the complaint that plaintiff's troubles began when an officer from the Child Abuse Unit of the Syracuse Police Department arrested him on August 31, 1989.[1] *See* Complaint at 6, line 18. Significantly, plaintiff was on parole at the time of his arrest. *Id.* at 7, line 1. According to the complaint, the arresting officer did not take plaintiff into custody but rather issued him two citations to appear in court the following day, September 1, 1989. *Id.* at 6, line 19. At that subsequent court proceeding, the judge released plaintiff on his own recognizance pending the police department's investigation into the alleged incident. *Id.* at 6, line 24.

On September 6, 1989, the Division of Parole took plaintiff into custody for allegedly violating his parole. *See* Complaint at 7, line 1. Plaintiff does not specify which provision of his parole he allegedly violated. He does state, however, that the August 28, 1989, incident with his minor child and his subsequent arrest on August 31, 1989, resulted in his parole revocation. *Id.* at 7, line 2. At plaintiff's final parole revocation hearing, on November 14, 1989, the hearing officer determined that plaintiff had not violated his parole supervision and recommended that plaintiff be released back into supervised parole. *Id.* at 7, line 4. Despite this recommendation, however, plaintiff was returned to state prison as a parole violator on December 4, 1989. *See* Complaint at 7, line 7. On December 12, 1989, the state court found plaintiff not guilty of the charges leading to his August 31, 1989, arrest. *See id.* at line 9. This ruling, however, did not permit plaintiff to return to supervised parole. Thus, he

remained incarcerated, presumably for the parole violation, until June 1992. *See* Plaintiff's Response Papers at ¶ 10.a. This acquittal, however, did permit the record of his arrest to be sealed pursuant to N.Y.Crim. Proc. Law § 160.50. Therefore, on August 13, 1990, plaintiff asserts that, in fact, the record was sealed. *Id.* at 7, line 19.

According to plaintiff's complaint, on November 2, 1992, five months after plaintiff's release from prison, a Parent Aid Worker ("P.A. worker")[2] made her weekly visit to the residence of plaintiff's wife ("Mrs. Gould") to inquire about the welfare of Mrs. Gould's third child.[3] *Id.* at 8, line 4. While visiting with Mrs. Gould, the P.A. worker encountered plaintiff at the residence. *Id.* at 8, line 5. According to plaintiff, the P.A. worker left the residence and made a phone call to report that she had seen plaintiff at the residence and that she suspected an incident of child abuse. *See* Complaint at 8, lines 8–25. Later that same day, an investigator from the Child Protective Services Division of Onondaga County ("CPSD") visited the residence, presumably to follow up on the report of the P.A. worker. *Id.* at lines 20–21. The CPSD investigator subsequently filed a report of child abuse against plaintiff and his wife. *Id.* Plaintiff asserts that both the P.A. worker and the CPSD investigator had complete knowledge of his August 31, 1989, arrest despite the arrest record having been sealed. *Id.* at lines 5–26. Plaintiff further asserts that the filing of child abuse reports by the P.A. worker and the CPSD investigator were based impermissibly, at least in part, upon their knowledge of the August 31, 1989, arrest. *Id.* at 8, lines 5–26.

Plaintiff goes on to state that on December 31, 1992, a Family Court judge granted a CPSD investigator an order of protection, presumably allowing the investigator to re-

---

1. It is not entirely clear from plaintiff's complaint why he was arrested. It appears, however, that the arrest arose out of an incident involving plaintiff and his minor child on August 28, 1989. *See* Complaint at 6, lines 1–18. In any event, knowledge of the circumstances leading to plaintiff's arrest is not necessary to the court's resolution of the present motion.

2. Plaintiff does not state which agency employed this worker.

3. Plaintiff's complaint further explains that plaintiff's wife placed their two children for adoption during plaintiff's incarceration. In addition, plaintiff asserts that his wife was sexually assaulted while he was incarcerated and that, as a result, she became pregnant with her third child. Thus, plaintiff is not the biological father of this third child. *See* Complaint at 8, lines 11–17.

move Mrs. Gould's third child from plaintiff's custody.[4] *See* Complaint at 9, line 13. Plaintiff alleges further that on January 11, 1993, the CPSD investigator filed a petition in Family Court that impermissibly revealed the contents of the sealed information relative to plaintiff's August 31, 1989 arrest.[5] *Id.* at 9, lines 18–20. Plaintiff asserts that the CPSD investigator who filed the court petition, as well as the P.A. worker who visited Mrs. Gould's residence, obtained their information about the August 31, 1989, arrest through their respective agencies and in direct violation of plaintiff's right to a hearing and N.Y.Crim. Proc. Law § 160.50. *See* Complaint at 9, lines 18–26; at 10, lines 21–27.

## DISCUSSION

Plaintiff asserts that he was deprived of due process with respect to his supervised parole. Defendants, in response, move to dismiss the complaint on the ground that plaintiff has failed to allege any facts to support his claim.

■■■ The court cannot grant a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) unless it appears from the face of the complaint that the plaintiff cannot prove any set of facts in support of its claim that would entitle it to relief. *Easton v. Sundram,* 947 F.2d 1011, 1015 (2d Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct.1943, 118 L.Ed.2d 548 (1992); *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991); *Esposito v. Metro–North Commuter R.R. Co.,* 1992 WL 165821, * 91–CV–946, U.S. Dist. LEXIS 9907, at *7, (N.D.N.Y.1992). In determining whether a complaint is sufficient on its face, the court must accept all the facts alleged by the plaintiff as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* — U.S. ——, ——, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993); *Easton,* 947 F.2d at 1014–15; *Shackelton v. Connecticut Gen. Life Ins. Co.,* 817 F.Supp. 277, 279 (N.D.N.Y. 1993) ("the court is obligated to accept as

true the facts alleged in plaintiff's complaint."). In addition, the court must construe the complaint in the light most favorable to the plaintiff. *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1098 (2d Cir.1988), *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1643, 104 L.Ed.2d 158 (1989); *Greenfield v. Suzuki Motor Co. Ltd.,* 776 F.Supp. 698, 700–01 (E.D.N.Y.1991).

■■■ Moreover, when the court encounters a *pro se* plaintiff's complaint, it is obligated to afford that plaintiff every reasonable opportunity to demonstrate a valid claim. *LaBounty v. Adler,* 933 F.2d 121, 122 (2d Cir. 1991); *Branum,* 927 F.2d at 705. As such, this court must hold *pro se* complaints to a less rigorous standard than it would hold formal pleadings drafted by lawyers. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163, 167 (1980); *Frasier v. United States Dep't of Health and Human Servs.,* 779 F.Supp. 213, 217 (N.D.N.Y.1991) ("*pro se* complaints, however obscure, must be held to less stringent standards than formal pleadings drafted by lawyers."). Therefore, the court must examine a *pro se* complaint with particular deference and care in an effort to find a legally cognizable claim. *Branum,* 927 F.2d at 705.

■■■ Although the court reads *pro se* complaints as broadly as possible to find a valid claim, the complaint, nonetheless, must satisfy the minimum pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. *Williams v. Giglio,* 1989 WL 151251, *2 (S.D.N.Y.1989); *Holsey v. Collins,* 90 F.R.D. 122, 128 (D.Md.1981); *Jeffery v. Malcolm,* 353 F.Supp. 395, 399 (S.D.N.Y.1973). Rule 8(a) provides, in pertinent part, that the complaint must set forth "[a] short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a). In other words, even though a *pro se* plaintiff's complaint is not held to the same standard as one prepared by an experienced attorney, the court still requires that, at a minimum, a *pro se* plaintiff adhere to Rule

---

4. Plaintiff's complaint does not provide the particulars of the order of protection. Thus, the court is left to speculate as to the purpose of this order. Fortunately, knowledge of the order's contents is not necessary to the court's resolution of the present motion.

5. Plaintiff's complaint does not indicate the reason nor the purpose for this petition.

8(a) and sufficiently apprise a defendant of the charges asserted against it. *Williams,* 1989 WL 151251, *2.

In the present case, the court is faced with a *pro se* plaintiff who submitted a lengthy and, for the most part, incoherent complaint. Although the complaint contains a history of plaintiff's run-ins with various city and county child workers, it fails to state how these confrontations resulted in any cognizable harm to plaintiff. Thus, plaintiff's complaint fails to comply with Rule 8(a)'s requirement that it contain a short and plain statement of the claim against defendants.

These significant Rule 8(a) shortcomings notwithstanding, this court earnestly endeavored to construe a legitimate cause of action from the language of plaintiff's complaint. *Branum,* 927 F.2d at 705 ("[a] *pro se* complaint is to be read liberally."). Even reading the complaint *very* liberally, however, the court simply could not find sufficient facts to support any valid constitutional claim. Although plaintiff states that he believes a due process violation occurred with respect to his supervised parole, he goes no further; he alleges no facts to support such a claim. Although the court is obligated to look for a valid claim and accept the alleged facts supporting that claim as true, it is not the court's responsibility to breathe life into an action where none exists. *Shackelton,* 817 F.Supp. at 285 ("[t]he well pleaded complaint rule dictates that a cause of action arises under federal law only when the plaintiff's complaint raises issues of federal law."). In this case, the court would have to do just that to save plaintiff's action as currently pled. Therefore, because plaintiff offers no facts to support his contention that these defendants denied him due process, the court has no choice but to dismiss plaintiff's complaint

pursuant to Rule 12(b)(6). *See Amankwaah v. Cayuga County,* 1992 WL 296459, *4 (N.D.N.Y.1992); *see also Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988) (dismissal is still appropriate where "the compliant is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised."). It does so, however, without prejudice to plaintiff to amend his complaint to remedy these shortcomings.[6]

## CONCLUSION

Plaintiff Gould's complaint fails to meet the minimum pleading standards of Fed.R.Civ.P. 8(a). Although plaintiff provides an extensive narrative of the events underlying this action, he fails to assert any facts that support his claim that defendants violated his constitutional right to due process. Thus, defendants are left to speculate as to the nature of the charges against them. Under these circumstances, the court has no choice but to grant defendants' motion to dismiss the complaint. It does so, however, without prejudice to plaintiff to amend his complaint to correct its failings. *Branum,* 927 F.2d at 705 ("the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). In this regard, the court instructs plaintiff that if he intends to continue with this action he must file an amended complaint setting forth his claims against defendants in a manner consistent with the requirements of Rule 8(a) within 120 days of the date of this order.

IT IS SO ORDERED.

---

6. The court notes in passing that although it was unable to discern a valid federal claim anywhere in plaintiff's complaint, the complaint may, nonetheless, contain a cause of action that arguably arises under state law. In this regard, plaintiff asserts that the parole department's reliance upon information relating to his August 31, 1989, arrest violated the August 13, 1990, sealing order issued pursuant to N.Y.Crim. Proc. Law § 160.-50(1). Despite this fact, however, the court notes that this state law cause of action likely would not survive a motion to dismiss. This is so because plaintiff's claim would appear to be sub-

ject to an important exception to § 160.50(1) that provides, in pertinent part, that

> [the sealed records] *shall be made available* to ... (iv) the New York state division of parole when the accused is on parole supervision as a result of conditional release or a parole release granted by the New York state board of parole, and the arrest which is the subject of the inquiry is one which occurred while the accused was under such supervision ...

N.Y.Crim. Proc. Law § 160.50(1)(d)(iv) (McKinney 1992) (emphasis added).