Grace **PERKINS,** Plaintiff,

v.

**SCHOOL BOARD OF PINELLAS COUNTY, FLORIDA,**
Defendant.

**No. 93–379–CIV–T–17B.**

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 19, 1993.

B. Edwin Johnson, Clearwater, FL, for plaintiff.

Robert George Walker, Jr., Law Office of Robert G. Walker, Jr., Clearwater, FL, for defendant.

*ORDER ON MOTION TO DISMISS*

KOVACHEVICH, District Judge.

Pending before the Court is the Motion to Dismiss filed by Defendant, the School Board

of Pinellas County, (Docket Entry # 4) and Plaintiff's Response thereto (Docket Entry # 7). Defendant's self-titled motion is that of a motion to dismiss for "failure to state a cause of action." However, the grounds stated in the motion are as follows: "(1) The Complaint filed herein purports to seek damages and other relief for a variety of actions and under differing legal theories, but is not separated into different counts; (2) Federal Rule of Civil Procedure 10 requires separate counts for separate claims; (3) The Complaint does not make a clear presentation of the issues set forth therein, does not facilitate adjudication of those issues, and it is, therefore, not possible to file an appropriate answer to the Complaint as written."

In light of the grounds stated by Defendant in its motion, this Court will address this motion as a Motion for More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure which is DENIED.

■■■ A motion for more definite statement is granted only "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). The federal system, due to its liberal discovery practice, judges pleadings by the notice standard. Plaintiff's Complaint is sufficient to put Defendant on notice that it is a Title VII action based on alleged racial discrimination. Defendant's memorandum further supports this Court's belief that Defendant is aware of the accusations leveled at it.

Jurisdiction in this matter is proper pursuant to 28 U.S.C. §§ 1331 and 1343. In her Complaint, Plaintiff asserts a claim of employment. discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

## BACKGROUND

Plaintiff, a black schoolteacher alleges that Defendant, her employer,. had discriminated against her based on her race in violation of Title VII. Plaintiff set forward the averments in her Complaint under the general heading of "Complaint" without any demarcation of counts or claims. Plaintiff failed to include a short and plain statement of the grounds upon which the court's jurisdiction depends as required by Rule 8(a), Fed. R.Civ.P.

Defendant filed a "Motion to Dismiss" citing Federal Rules of Civil Procedure 7, 10 and 12, and stating the three grounds listed above. Defendant's memorandum of law in support of the Motion to Dismiss referenced only Rule 10(b) [1] and Rule 8(e) [2], arguing that Plaintiff is commingling a variety of legal action and theories under one count thereby prejudicing Defendant's rights.

## ANALYSIS

Rule 7(b) of the Federal Rules of Civil Procedure requires that application to the Court for an order shall state with particularity the grounds therefor. Defendant, however, merely states "Rule 12" as the basis for its Motion followed by the phrase "for failure to state a cause of action" (language from the old motion for demurrer which was abolished by Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted). The memorandum of law does not establish an argument in support of the contention to dismiss for failure to state a claim; rather, the argument is directed to the premise of a Rule 12(e) Motion for a More Definite Statement in that it would be detrimental to require Defendant to respond to a Complaint which does not clearly indicate whether Plaintiff is proceeding under Title VII alone, or § 1981 as well. Defendant claims that both acts provide different defenses and therefore necessitate distinct claims to respond accordingly, and that De-

---

1. **Rule 10(b) Paragraphs; Separate Statements....** Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

2. **Rule 8(e) Pleading to be Concise and Direct; Consistency** "... (2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses."

fendant is unable to appropriately respond due to the alleged ambiguity of the Complaint in its present form.

█ Defendant argues that Plaintiff has commingled a Title VII claim with a § 1981 claim all within one count to the detriment of Defendant. Defendant misquotes Rule 10(b) as providing that "separate transactions or separate theories of recovery should be set forth in separate counts." This is a misstatement of the rule. Rule 10(b) does not require Plaintiff to separate each allegation of discrimination into a separate count; nor, does the rule require a separation of legal theories of recovery. In fact, Rule 8(e), as cited by Defendant, goes against the position asserted by Defendant in that subsection (2) allows two or more statements of a claim to be set forth in a single count. Fed.R.Civ.P. 8(e)(2). Plaintiff's Complaint has, albeit inartfully, complied with the pleading requirements of the Federal Rules.

█ This Court disagrees with Defendant's opinion that Plaintiff's averments of harassment and demotion are separate transactions and require separate counts. (Memorandum p. 1–2) This Court agrees with Plaintiff that such occurrences are not separate and distinct requiring separate counts, but rather are alleged to establish a discriminatory pattern of conduct which Plaintiff asserts created a hostile work environment. *Vance v. Southern Bell Telephone,* 863 F.2d 1503, 1510 (11th Cir.1989) (actionable harassment claim must establish hostile environment by totality of circumstances); *Robinson v. Jacksonville Shipyards, Inc.,* 760 F.Supp. 1486, 1523 (M.D.Fla.1991) (prima facie showing of hostile environment is likely to consist of evidence of multiple acts which, taken together, constitute harassment).

Defendant's contention that Plaintiff is attempting to rely on both Title VII and § 1981 Civil Rights Acts is based upon Plaintiff's prayer for relief which references § 1981 when requesting compensatory damages and jury trial. Plaintiff's intent, as stated in its response, was only to invoke the remedial provisions of Title VII as amended by the Civil Rights Act of 1991 (Pub.L. 102–166, Nov. 21, 1991, 105 Stat. 1071). Furthermore, Plaintiff responds that her Complaint does not allege a claim based on 42 U.S.C. § 1981, and "the Plaintiff stipulates she is not proceeding under that law." (Docket Entry # 7 at p. 4)

The remainder of Defendant's Memorandum of Law addresses the applicability of § 1981 to Plaintiff's alleged facts. Although this Court has reviewed the arguments of both parties as to the availability of a cause of action under § 1981, it is not necessary to rule on the applicability of § 1981 due to Plaintiff's assertion that she will not pursue a § 1981 cause of action.

█ Additionally, Defendant alleges that the Civil Rights Act of 1991 is inapplicable to Plaintiff's averments of discriminatory conduct prior to enactment of the Act. In this case, no action was commenced by Plaintiff until after the effective date of the 1991 Amendments, November 21, 1991, and, therefore, the amendments are applicable to this cause of action. *Curtis v. Metro Ambulance Service, Inc.,* 982 F.2d 472 (11th Cir. 1993). Accordingly, it is

**ORDERED** that the motion for more definite statement is **DENIED.** Defendant is directed to answer within ten (10) days.

**DONE and ORDERED.**

