Marie Charles HUMPHERYS, Plaintiff,

v.

Sanford NAGER, 25–35 Tennis Associates, Governor Pataki, Governor of New York State; Rudolph Giuliani, Mayor of New York City; Guy James Mangano, Administrative Judge of Appellate Division, Second Department; Honorable Edwin Kassoff, New York State Supreme Court Judge; Honorable Michelle Watson Patterson, New York State Supreme Court Judge; Judge Lau, Judge of the Civil Court, Landlord and Tenant; Judge Cammett, Chief Judge of the Civil Court; Office of Court Administration; and Federal Home Loan Mortgage Corporation, Defendants.

No. CV–96–0674 (DGT).

United States District Court,
E.D. New York.

April 17, 1997.

Marie Charles Humpherys, Brooklyn, NY, pro se.

Dennis C. Vacco, Attorney General of State of New York by Michael O. Hueston, New York City, for State Defendants.

Jay B. Itkowitz, Itkowitz & Gottlieb, New York City, for Defendants Nager and Tennis Associates.

### MEMORANDUM AND ORDER

TRAGER, District Judge:

Plaintiff Marie Humpherys, an attorney appearing *pro se*, seeks forty million dollars in damages based on alleged violations of her constitutional rights. She has alleged a potpourri of violations, claiming that the defendants have conspired to violate her 13th and 14th amendment rights, as well as her rights under the Civil Rights Act of 1886, Title VII of the 1964 Civil Rights Act, the 1991 Civil Rights Act, and the New York State Constitution. Plaintiff has named the following as defendants: Sanford Nager, 25–35 Tennis Associates, Governor George Pataki, Mayor Rudolph Giuliani, Appellate Division Justice Guy James Mangano, Appellate Term Justice Edwin Kassoff, State Supreme Court Justice Michelle Weston Patterson (sued as "Honorable Michelle Watson Patterson"), New York City Civil Court Judge Laurie Lynn Lau, Justice in Charge of the New York City Civil Court, Kings County, Margaret Cammer (sued as "Judge Cammet"), Office of Court Administration, and Federal Home Loan Mortgage Corporation ("Freddie Mac"). Defendants Pataki, Mangano, Kassoff, Patterson, Lau, Cammer, Office of Court Administration (the "State defendants"), as well as defendant Freddie Mac now separately move pursuant to Fed.R.Civ.P. 12(b)(6) for dismissal for failure to state a cause of action.[1]

### Background

This case arises out of litigation between Humpherys and defendant 25–35 Tennis Associates ("Tennis Associates") in New York City Housing court.[2] On September 28, 1993, Tennis Associates's predecessor in interest, Frontenac Associates, commenced a non-payment proceeding against Humpherys. A trial was held on November 9, 1994 before Housing Court Judge Lau, who entered a decision on January 31, 1994 ordering Humpherys to pay $28,745.52, which represented all rent owing for her apartment through December 31, 1993.[3] On April 20, 1994, after motions for a new trial and a stay of execution of the judgment had been denied by the Appellate Term, plaintiff and Tennis Associates entered into a stipulation which was "so ordered" by Judge Lau. *See* Order at 4. The stipulation amended the January 31 judgment to include all rents owing through April 30, 1994. Plaintiff apparently failed to comply with the terms of this stipulation because Nager brought yet another non-payment summary proceeding. Plaintiff subsequently moved to dismiss the Housing Court proceeding, arguing that the stipulation should be set aside because it was entered into under duress. Plaintiff also argued that the stipulation she signed was actually for rent through April 1997 (future rent). Judge Lau rejected both arguments, and in a twelve page opinion, wrote:

> Respondent [Humpherys] has offered no reason for this court to set aside the Stipulation. There was nothing to suggest that respondent was tricked or coerced into signing the stipulation. Rather, as in the past, in negotiating the Stipulation, respondent was able to negotiate paying less than she otherwise would have had to pay in exchange for withdrawal of civil cases and pending DHCR proceedings and a course of conduct for repair complaints.

.   .   .   .   .

---

1. Defendants Nager and 25–35 Tennis Associates have answered the complaint.

2. On a 12(b)(6) motion to dismiss, a court may take judicial notice of a decision in another jurisdiction. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir.1991)(noting that "courts routinely take judicial notice of documents filed in other courts ... not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."). Here, the fact of prior litigation is provided simply as backdrop to the present litigation, and does not provide a basis for the decision, which can only be decided on facts stated in the complaint. *See id.* at 773. The State defendants have attached a copy of a prior decision in New York City Civil Court, Housing Part, between the private defendants and Humpherys. *See 25–35 Tennis Associates, L.P. v. Marie Charles Humpherys*, L & T Index No. 107380/95, slip op. at 9, (N.Y.Civ.Ct. Feb. 5, 1996), Ex. A, State defendants' Mot. Dismiss. ("Order").

3. This sum represented rent due pursuant to a prior stipulation between the parties, which itself was the product of prior litigation between them.

Since 1989, respondent has engaged in a course of conduct the effect of which has been large arrears, delaying motions and, at the last moment, compromise and settlement of the large arrears. Her motions have been tactics of delay. Her present motion is the latest example.

Order at 9–10. Judge Lau further addressed Humpherys' second argument that the stipulation included payment of future rents: "It is beyond comprehension how the respondent could now claim, as she does, that the Stipulation involved payment of future rents. The Stipulation was clear. So too was this court's discussion of it, word-by-word, with the parties." *Id.* at 10. Judge Lau found Humpherys' arguments frivolous and imposed sanctions pursuant to 22 NYCRR § 130. Plaintiff then commenced this action.[4]

### Discussion

The moving defendants maintain that the suit against them must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. In *pro se* civil rights actions the allegations of the complaint are to be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Although it is not at all clear why this principle should apply when the *pro se* is an attorney, nevertheless, the court will treat the complaint as if it has been filed by a non-lawyer. See *Thomson v. Olson,* 866 F.Supp. 1267, 1270 (D.N.D.1994), *aff'd,* 56 F.3d 69 (8th Cir.1995) (taking notice, on motion to dismiss complaint, of the fact that *pro se* plaintiff had completed two years of law school and "possesses the capacity to adequately set forth relevant facts and applicable law.").

District courts should "construe *pro se* complaints liberally and ... apply a more flexible standard in determining the sufficiency of a *pro se* complaint than they would in reviewing a pleading submitted by counsel." *Platsky v. Central Intelligence Agency,* 953 F.2d 26, 28 (2d. Cir.1991) (citations omitted). Also, in considering the motion to dismiss, the allegations in the complaint must be construed in the light most favorable to the plaintiff. *See Walker v. City of New York,* 974 F.2d 293, 298 (2d Cir.1992). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Because of the number of defendants, claims, and defenses raised, the court will first discuss the motion to dismiss as it pertains to Freddie Mac, and then turn to the State defendants' motion.

### 1. Freddie Mac's Motion to Dismiss

Freddie Mac makes two arguments in support of its motion. First, Freddie Mac argues that the complaint violates Fed.R.Civ.P. 8(a) because it fails to provide a short statement of the facts showing that the plaintiff is entitled to relief. Second, Freddie Mac argues that the complaint is deficient because it fails to allege the elements of a conspiracy between the defendants to deprive Humpherys of a constitutional right. Additionally, the question of whether the named private parties can be said to be state actors will also be considered here.

### A. Violation of Rule 8(a)

■ Fed.R.Civ.P. 8(a) requires a plaintiff to set forth in her complaint a "short and

---

4. Paragraphs 1 through 10 of plaintiff's complaint name each of the defendants and allege jurisdiction. The remainder of her complaint reads as follows:

¶ 11. That all of the enumerated defendants have engaged in a course of conduct causing the plaintiff to lose her right to own and possess realty in the state of New York. That the Governor and Mayor have acquiesced to the intentional infringement and willful deprivation of plaintiff's right to hold and enjoy real property in the State of New York. Their conduct and malfeasance amount to a conspiracy under color of state law violative of the 13th

and 14th Amendment of the United States Constitution, the Civil Rights Act of 1886, Title VII, the Civil Rights Act of 1991 and the New York State Constitution.

These defendants have deprived plaintiff of her right to purchase 25–35 Tennis Court, and her right to remain as a tenant at 25 Tennis Court, # 6A, Brooklyn N.Y. 11226.

Wherefore, plaintiff demands a judgment in the sum of Forty Million Dollars ... jointly and severally and for such other and further relief as this Court deems just and proper.

Compl. at 3–4.

plain statement of the claim showing that the [plaintiff] is entitled to relief." The complaint must at least "sufficiently appraise a defendant of the charges asserted against it." *Gould v. Russi,* 830 F.Supp. 139, 143 (N.D.N.Y.1993) (citation omitted). In Humpherys' complaint, Freddie Mac is mentioned twice: in the caption, and in paragraph nine, where Freddie Mac is identified as a federal corporation. The complaint does not provide any facts to indicate how Freddie Mac could have injured Humpherys. "The courts have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Morabito v. Blum,* 528 F.Supp. 252, 262 (S.D.N.Y.1981) (citations omitted) (granting 12(b)(6) motion to dismiss where defendant was named only in caption and noting that complaint fails to meet standard of Fed. R.Civ.P. 8(a)). Therefore, Humpherys' complaint fails to meet the minimal threshold of notice pleading established by Rule 8(a). However, in light of Humpherys' *pro se* status, rather than dismiss for failure to comply with Rule 8(a), the sufficiency of the complaint itself will be considered. *See Salahuddin v. Cuomo,* 861 F.2d 40, 42–43 (2d Cir. 1988) (discussing dismissal of complaints pursuant to Rule 8(a)).

**B. State Action by the Named Private Parties**

To state a valid claim under § 1983, a plaintiff "must allege conduct under color of state law that deprived [her] of rights secured by the Constitution or laws of the United States." *Katz v. Klehammer,* 902 F.2d 204, 206 (2d Cir.1990) (citation omitted); *see also Adickes v. S.H. Kress & Co.,* 398

U.S. 144, 150, 90 S.Ct. 1598, 1604–05, 26 L.Ed.2d 142 (1970). Thus, complaints alleging § 1983 violations "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir.1987) (citations omitted).

Private parties like Freddie Mac are generally not liable to suit under § 1983 as they are not state actors.[5] "In order for the actions of private parties to constitute state action, 'the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State.'" *Clapp v. LeBoeuf, Lamb, Leiby & MacRae,* 862 F.Supp. 1050, 1059 (S.D.N.Y.1994), *aff'd,* 54 F.3d 765 (2d Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 380, 133 L.Ed.2d 303 (1995) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753–54, 73 L.Ed.2d 482 (1982)). In *Lugar* the Supreme Court established a two part test to determine when conduct is "fairly attributable" to the state:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.... Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Lugar,* 457 U.S. at 937, 102 S.Ct. at 2753–54.

■ Here, Humpherys' complaint fails to allege any conduct on the part of Freddie

---

**5.** Since 1989, Freddie Mac "has had the attributes of a private corporation, not a governmental entity." *Liberty Mortgage Banking, Ltd. v. Federal Home Loan Mortgage Corp.,* 822 F.Supp. 956, 958 (E.D.N.Y.1993) (holding that Freddie Mac's decision to terminate loan servicing arrangement was not state action). *See also American Bankers Mortgage Corp. v. Federal Home Loan Mortgage Corp.,* 75 F.3d 1401, 1407–9 (9th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 58, 136 L.Ed.2d 21 (1996) (applying *Lebron v. National Railroad Passenger Corp.,* 513 U.S. 374, 115 S.Ct. 961, 130

L.Ed.2d 902 (1995) analysis and finding that "Freddie Mac is not a government agency subject to the Fifth Amendment's Due Process Clause.").

Additionally, plaintiff has not pled any facts that could give rise to a claim that Freddie Mac—or any of the other private defendants— could be viewed as state actors under the New York State Constitution. *See Liberty Mortgage,* 822 F.Supp. at 960 (noting distinction between federal and state definitions of state action).

Mac (or any of the private parties) that could allow an inference that Freddie Mac (or any of the private parties) acted in a manner that could suggest that they were state actors. A private party acting pursuant to a state statute does not become a state actor simply by virtue of their resort to that statute. *See id.* at 939, 102 S.Ct. at 2754–55; *see also Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 165, 98 S.Ct. 1729, 1738, 56 L.Ed.2d 185 (1978) ("If the mere denial of judicial relief is considered sufficient encouragement to make the State responsible for those private acts, all private deprivations of property would be converted into public acts whenever the State, for whatever reason, denies relief sought by the putative property owner."). Thus, because Humpherys has failed to allege facts that could give rise to an inference that Freddie Mac is a state actor for purposes of this action, her claims against it must be dismissed.

## C. Plaintiff's Allegations of a Conspiracy Between the State Actors and the Private Parties

Private parties such as Freddie Mac may also be liable under § 1983 if they conspire with state actors to deprive a plaintiff of their constitutional rights. *See Tower v. Glover,* 467 U.S. 914, 916, 104 S.Ct. 2820, 2822, 81 L.Ed.2d 758 (1984); *Dwares v. City of New York,* 985 F.2d 94, 98 (2d Cir.1993). "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Spear v. Town of West Hartford,* 954 F.2d 63, 68 (2d Cir.1992). The same specificity is required as in any § 1983 suit. *See Julian v. New York City Transit Auth.,* 857 F.Supp. 242, 252 (E.D.N.Y.1994), *aff'd,* 52 F.3d 312 (2d Cir.1995) (requiring " 'specific facts suggesting that there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end' " in order to establish a conspiracy under § 1983 (quoting *Duvall v. Sharp,* 905 F.2d 1188, 1189 (8th Cir.1990)). In *Dwares,* 985 F.2d at 100, the Second Circuit

required that the complaint provide some details of the time and place and alleged effect of the conspiracy. "It is incumbent on a plaintiff to state more than conclusory allegations to avoid a dismissal of a claim predicated on a conspiracy to deprive him of his constitutional rights." *Polur v. Raffe,* 912 F.2d 52, 56 (2d Cir.1990) (citations omitted).

■ Paragraph 11 of Humpherys' complaint alleges:

> [A]ll of the enumerated defendants have engaged in a course of conduct causing the plaintiff to lose her right to own and possess realty in the state of New York. That the Governor and Mayor have acquiesced to the intentional infringement and willful deprivation of plaintiff's right to hold and enjoy real property in the State of New York. Their conduct and malfeasance amount to a conspiracy under color of state law violative of the 13th and 14th Amendment of the United States Constitution.

Even construing this complaint liberally, it lacks any facts to permit an inference that Judge Lau, or any of the other defendants (including the Mayor and the Governor), had any mutual understanding with Freddie Mac or any of the private defendants to violate plaintiff's rights. Nor does it set forth any of the elements of a conspiracy. It does not offer a scintilla of fact that explains when, where, or how the parties reached the alleged agreement, what the overt acts committed were, or when they were committed. None of these statements meets the minimum pleading requirements to state a claim under § 1983. Thus, the plaintiff's complaint fails to allege a conspiracy between the State defendants and Freddie Mac—or the other private defendants.

■ In opposing the motion to dismiss, plaintiff argues that rather than move to dismiss, the defendants should move for a more definite statement pursuant to Fed. R.Civ.P. 12(e).[6] This argument misconstrues the relationship between Rule 12(b)(6) and 12(e). A 12(b)(6) motion is one made for a failure to state a claim, while a 12(e) motion

---

**6.** Rule 12(e) provides that: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reason-

ably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

is proper when a complaint pleads a viable legal theory, but is so unclear that the opposing party cannot respond to the complaint. *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376, at 576–79 (2d ed.1990). Thus, a Rule 12(e) motion should only be made, or a Rule 12(b)(6) motion should only be converted to a 12(e) motion, when the complaint states a cause of action and the party seeking dismissal cannot frame an answer. *See id.; see also Perkins v. School Bd. of Pinellas County,* 152 F.R.D. 227, 228 (M.D.Fla.1993) (converting 12(b)(6) motion to dismiss into a 12(e) motion). Neither criterion is met here, since the defendants have been able to frame a motion that pleads defenses, and the complaint clearly fails to state a cause of action. Therefore, Freddie Mac's motion to dismiss the complaint as against it is granted.

■ Moreover, the complaint will be dismissed against all the private defendants, in addition to Freddie Mac. Although only Freddie Mac moved to dismiss, while Nager and Tennis Associates answered the complaint, dismissal is proper for all three private defendants. As discussed above, the arguments made by Freddie Mac in support of dismissal apply with equal force to Nager and Tennis Associates: the complaint fails to allege state action on the part of any of the private defendants, and it similarly fails to allege a conspiracy by any of them. Further, sua sponte dismissal is appropriate in this case because the answer filed by Nager and Tennis Associates also pleads the affirmative defense of failure to state a claim.

Sua sponte dismissal for failure to state a claim is proper when the plaintiff is given notice and an opportunity to be heard. *See Wachtler v. County of Herkimer,* 35 F.3d 77, 82 (2d Cir.1994). Here, plaintiff had notice that one of the private defendants, as well as the State defendants, was moving to dismiss her claim. Humpherys responded to these motions with a series of letters, memoranda, and affirmances. Significantly, however, she has not moved to amend her complaint. Because the reasons for the dismissal of the complaint as to Freddie Mac are identical to the reasons for the dismissal of the complaint against Nager and Tennis Associates, Humpherys had notice that the complaint could be dismissed for failure to state a claim. *See id,* at 82 (upholding sua sponte dismissal of civil rights claim against judge who had not responded to plaintiff's complaint where "plaintiff was given notice that the (other) 'defendants' were moving to dismiss").

Fairness requires that Humpherys be given an opportunity to respond to this dismissal. Therefore, plaintiff has fifteen days from the date of this Order to show good cause why the complaint should not be dismissed against Nager and Tennis Associates. The showing of good cause shall be made in the form of a letter to the court setting forth the factual basis for the action against Nager and Tennis Associates.[7]

## 2. Defenses to Suit in This Court

The State defendants have moved to dismiss the complaint on several grounds. Humpherys' complaint does not state whether it names the State defendants in their official capacities or individually. In determining whether a suit is brought against officials in their individual or official capacities, courts consider the type of damages sought and the defenses raised by the defendants. *See Pinaud v. County of Suffolk,* 52 F.3d 1139, 1146–47 (2d Cir.1995); *Shabazz v. Coughlin,* 852 F.2d 697, 699–700 (2d Cir. 1988). Here, it appears that Humpherys is seeking both compensatory and punitive damages. The State defendants have raised both official capacity defenses (Eleventh Amendment immunity) and individual capacity defenses (judicial immunity), but not the defense of qualified immunity, suggesting that the State defendants believe suit is brought against the named judges in their

---

**7.** Normally, a *pro se* plaintiff would be given leave to amend her complaint. Here, however, such leave shall not be given, for two reasons. First, plaintiff, an attorney, has never asked for leave to amend her complaint, even after being confronted with two motions for dismissal for failure to state a claim. Second, rather than requesting leave to amend her complaint, plaintiff, as noted above, argued that the defendants should make a motion for a more definite statement. A court's concern that a *pro se* plaintiff's claim not be lost through inadvertence simply does not apply here.

individual capacities and the other state defendants in their official capacities. Furthermore, Humpherys' complaint states that the Governor of New York and the Mayor of the City of New York "have acquiesced" in the alleged conduct. Compl. ¶ 11. Thus, it appears that Humpherys' complaint alleges that the named judicial defendants acted in their individual capacities, while the remaining State defendants are alleged to have acted in their official capacities. Nevertheless, the personal involvement of the non-judicial State defendants will also be discussed, in light of the Second Circuit's admonition that "a plaintiff who has not clearly identified in her complaint the capacity in which the defendant is sued should not have the complaint automatically construed as focusing on one capacity to the exclusion of the other." *Frank v. Relin*, 1 F.3d 1317, 1326 (2d Cir.1993).

## A) Judicial Immunity

■ A judge has absolute immunity from suit. *See Forrester v. White*, 484 U.S. 219, 225–28, 108 S.Ct. 538, 543–45, 98 L.Ed.2d 555 (1988). This immunity can be overcome in only two types of circumstances. First, a judge may be liable for "actions not taken in the judge's judicial capacity." *Mireles. v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991) (citations omitted). Second, a judge may be liable for actions that are judicial in nature, but that are "taken in the complete absence of all jurisdiction." *Id.* at 12, 112 S.Ct. at 289. The Supreme Court has stated that "in determining whether an action is 'judicial,' we consider the nature of the act and whether it is a 'function normally performed by a judge.'" *Id.* at 14, 112 S.Ct. at 289 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107–08, 55 L.Ed.2d 331 (1978)). Humpherys has failed to allege facts from which an extra-judicial act by any of the judicial defendants could be inferred. To the extent that the basis for Humpherys' complaint is the decision by Judge Lau, her claim must fail, since Humpherys has alleged neither an extra-judicial act, nor facts that could allow an inference that the judge undertook to act "in the clear absence of all jurisdiction." Thus, Judge

Lau and any other judges named on the basis of their relationship to Humpherys' case are immune from suit. *See Clapp v. LeBoeuf, Lamb, Leiby & MacRae*, 862 F.Supp. 1050, 1060–61 (S.D.N.Y.1994). To the extent that the complaint names these judges for some other reason, no facts are presented that would give rise to a basis for the denial of absolute immunity.

## B) Eleventh Amendment Immunity

■■ Absent consent, or an express congressional override, the Eleventh Amendment prohibits suit in federal court for retrospective relief against a state or an agency of the state. *See Papasan v. Allain*, 478 U.S. 265, 276–77, 106 S.Ct. 2932, 2939–40, 92 L.Ed.2d 209 (1986); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Suits against state courts are similarly barred. *See Zuckerman v. Appellate Division*, 421 F.2d 625, 626 (2d Cir.1970). A state official who is sued in her official capacity is not a person within the meaning of § 1983 because she "assume[s] the identity of the government that employs [her]." *Hafer v. Melo*, 502 U.S. 21, 27, 112 S.Ct. 358, 362, 116 L.Ed.2d 301 (1991). Thus, state officials sued in their official capacities can, as here, "invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 528 (2d Cir.1993). To the extent, then, that Humpherys is suing the named non-judicial State defendants in their official capacities for damages, suit against them is barred.[8]

■ Perhaps in an effort to circumvent the handicap imposed by the dearth of facts in her complaint, Humpherys asserts that the State defendants have engaged in a course of conduct that violated her constitutional rights. This argument must, however, fail. Were this a claim against a municipality, rather than the state, a plaintiff could plead that a policy or custom violated federal law. *See Hafer*, 502 U.S. at 25, 112 S.Ct. at 361–62 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114

---

**8.** Moreover, the Eleventh Amendment also bars suit against the State defendants for violations of state law. *See Pennhurst*, 465 U.S. at 121, 104 S.Ct. at 919.

(1985)). Here, where her suit is brought against *state*, rather than local, officials, Humpherys' assertion is irrelevant, since, as noted above, the Eleventh Amendment bars this action against the State defendants. Moreover, even if such a form of pleading was available against state officials, the mere assertion of a policy is insufficient to withstand a motion to dismiss. *See Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir.1993) ("The mere assertion ... that a municipality has such a custom or policy is insufficient in the absence of allegations of fact to support, at least circumstantially, such an inference.") (citations omitted).[9]

### C) Personal Capacity Claims Against the Non–Judicial State Defendants

▮ In contrast to official capacity suits, the Eleventh Amendment does not protect an official who is sued in her personal capacity. *See Hafer*, 502 U.S. at 30–31, 112 S.Ct. at 364. However, in the absence of any facts in the complaint, the fact that the State defendants are "in [ ] high position[s] of authority is an insufficient basis for the imposition of personal liability." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977) (citing *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d. Cir.1973), *overruled on other grounds*, *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). Here, Humpherys has failed to allege any facts that could give rise to an inference that any of the non-judicial State defendants acted under color of law to deprive her of a protected right.

### 3. Plaintiff's Due Process Claim

Plaintiff's claim that her Fourteenth Amendment rights were violated may be liberally construed to allege a procedural due process violation. Due process merely requires that "some form of hearing is required before an individual is finally deprived of a property interest." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). Plaintiff has failed to allege facts that would allow an inference that plaintiff had a protectible interest, much less that, assuming she had such an interest, that the defendants impermissibly infringed upon it.

▮ In her opposition to the motion to dismiss, Humpherys argues that her challenge is to the procedure for appealing a landlord and tenant dispute. Insofar as she is challenging an established state procedure, she may pursue a due process claim under § 1983. *See Kraebel v. New York City Dep't Of Housing Preservation and Dev.*, 959 F.2d 395, 403 (2d. Cir.1992) (holding that the availability of an adequate state remedy does not bar review of a plaintiff's due process claim, when the challenge is to "the state system itself."). Here, fairly construed, plaintiff's claim is an attack on an established state procedure because her complaint speaks of a "course of conduct." *See* Compl. ¶ 11. Nevertheless, her complaint must be dismissed because it is utterly devoid of facts that would support an inference of a due process violation.[10]

### 4. Jurisdiction

▮ To the extent that Humpherys is petitioning this court to review Judge Lau's Housing Court ruling for legal error under state law, this court lacks subject matter jurisdiction to do so. This Court's jurisdiction is "circumscribed by the principle that a district court may not review final judgments of state courts." *Clapp v. LeBoeuf, Lamb, Leiby & MacRae*, 862 F.Supp. 1050, 1055 (S.D.N.Y.1994) (citing *Rooker v. Fidelity*

---

**9.** This standard is still applicable, notwithstanding the Supreme Court's decision in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) at least in a situation such as this, where no facts are alleged. *See also Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995) (citing *Dwares* standard).

**10.** Insofar as plaintiff could be alleging that she was deprived of a protected interest as the result of a random, unauthorized act (for example, an act or failure to act by an actor in the state's judicial system), the due process clause is satisfied by the availability of an adequate post-deprivation remedy, that being a proceeding under Article 78 of the New York Civil Practice Law. *See Hellenic American Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir.1996).

Trust Co., 263 U.S. 413, 415–16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 483–84 n. 16, 103 S.Ct. 1303, 1311–12, 1315–16 n. 16, 75 L.Ed.2d 206 (1983)).

### 5. Plaintiff's Remaining Claims

██ Plaintiff's remaining claims are without merit because she has failed to allege any facts in support of her assertions. Plaintiff's complaint, insofar as it alleges claims of violations of § 1981 and § 1982 must be dismissed because plaintiff has not alleged that a deprivation occurred because of her race. *See Carrero v. New York City Housing Auth.,* 890 F.2d 569, 575 (2d Cir.1989). Plaintiff has failed to plead allegations that could give rise to a claim under § 1985(3) because she has not plead facts suggesting a racial or class based animus.[11] *See Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 269, 113 S.Ct. 753, 759, 122 L.Ed.2d 34 (1993). Because she has not established a § 1985(3) claim, plaintiff cannot establish a § 1986 claim. *See Dwares v. City of New York,* 985 F.2d 94, 101 (2d Cir.1993) (citations omitted). Further, plaintiff's Title VII claim must also fail, since there are no facts alleged to raise a claim of employment discrimination.

██ Plaintiff's claim that her rights under the Thirteenth Amendment were violated similarly must fail. The Thirteenth Amendment is enforceable against private parties in the absence of state action. *See Terry Properties. Inc. v. Standard Oil Co. (Ind.),* 799 F.2d 1523, 1534 (11th Cir.1986). Here, too, plaintiff has failed to plead facts that give rise to an inference that any of the named defendants engaged in a practice that could be characterized as creating "badges and incidents of slavery." *See City of Memphis v. Greene,* 451 U.S. 100, 154 n. 18, 101 S.Ct. 1584, 1613–14 n. 18, 67 L.Ed.2d 769 (Marshall, J., dissenting) (arguing that the decision to close a street in a white neighborhood could be a violation of the Thirteenth Amendment).

### 6. Dismissal of Action against Defendant Giuliani

Fed.R.Civ.P. 4(m) states:

> If the service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Neither the City of New York, nor Mayor Giuliani have responded to Humpherys' complaint. Furthermore, plaintiff has not filed an affidavit of service upon the city or the Mayor. Therefore, because more than 120 days have elapsed since the filing of the complaint,[12] the action shall be dismissed against Mayor Giuliani for plaintiff's failure to serve, unless plaintiff can show good cause why such dismissal should not occur. If plaintiff wishes to contest the dismissal, she must make a showing of good cause within fifteen days of the date of this Order. Such showing shall be in the form of a letter to this court informing it of the factual ground for good cause.

The Federal Rules of Civil Procedure favor both notice pleading and leave to amend, especially when the plaintiff is *pro se.* However, these concerns are significantly diminished in the situation presented here, where plaintiff is an attorney who has filed a complaint that is utterly devoid of factual allegations to maintain a claim. *See Thomson v. Olson,* 866 F.Supp. 1267, 1270 (D.N.D.1994). As Judge McCurn has noted in a similar context, while a court "is obligated to look for a valid claim ... it is not the court's responsibility to breathe life into an action where

---

11. Section 1985(3) grants a right of action to persons seeking a remedy for injuries suffered as a result of a conspiracy to deprive a person "of the equal protection of the laws." *Dwares v. City of New York,* 985 F.2d 94, 101 (2d Cir.1993).

12. The complaint was filed, and summons was issued, on February 15, 1996. *See* Summons for case 96–CV–0674 of February 15, 1996, docketed as document number 1.

none exists." *Gould v. Russi*, 830 F.Supp. 139, 143 (N.D.N.Y.1993).

## Conclusion

For the reasons stated above, the motion of the State defendants to dismiss the case against them pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim is granted. The motion of defendant Freddie Mac to dismiss the case against it pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim is granted.

Additionally, plaintiff's claims against defendants Nager and Tennis Associates will likewise be dismissed pursuant to Rule 12(b)(6) fifteen days after the date of this Order unless plaintiff shows good cause why her claims against them should not be dismissed. To avoid dismissal, plaintiff must present good cause in the form of a letter to the court that states the factual basis for her claims against both Nager and Tennis Associates and that explains why dismissal should not be ordered.

Finally, plaintiff has fifteen days from the date of this Order to show good cause why the case against defendant Giuliani should not be dismissed for failure to serve a summons and complaint upon him. To avoid dismissal, plaintiff must present a letter to the court that states the factual basis for her claim of good cause, and that explains why dismissal should not be ordered.